William B. DeClercq, SBN 240538
**TAYLOR ENGLISH DUMA LLP**
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071
Tel: (626) 408-2150
wdeclercq@taylorenglish.com

Coby S. Nixon (*pro hac vice* application forthcoming)
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA  30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
cnixon@taylorenglish.com

*Counsel for Plaintiff*
*Crown Cell Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWN CELL INC., | Case No. 3:21-cv-7890 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| ECOVACS ROBOTICS, INC., | |
| Defendant. | |

COMPLAINT

Plaintiff Crown Cell Inc. ("Plaintiff" or "Crown Cell"), by and through its undersigned attorneys, hereby files this Complaint against Ecovacs Robotics, Inc. ("Defendant" or "Ecovacs"), alleging as follows:

## NATURE OF THE ACTION

1. Crown Cell brings this action to protect its ability to lawfully conduct its business as a reputable seller on Amazon.com ("Amazon") without interference from Ecovacs, and to recover for the monetary and reputational damage Ecovacs has caused by submitting knowingly-false complaints to Amazon alleging that Crown Cell is a counterfeiter.

2. Specifically, Crown Cell seeks a judicial declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, that its marketing, distribution, and sales of authentic products bearing the ECOVACS mark do not constitute trademark counterfeiting under the Lanham Act, 15 U.S.C. § 1114. Crown Cell also seeks a judgment that Ecovacs is liable for tortious interference with Crown Cell's contractual and business relationship with Amazon, as well as an injunction barring Ecovacs from making any additional, baseless complaints concerning Crown Cell's products. Further, Crown Cell seeks compensatory and exemplary damages, attorneys' fees, costs, and other relief as the Court deems just and proper.

## PARTIES

3. Crown Cell is a corporation duly organized and existing under the laws of the State of New York with a principal place of business at 2388 Northwest 150th Street, Opa Locka, FL, 33054.

4. Upon information and belief, Ecovacs is a corporation formed under the laws of the State of Delaware with a principal place of business at 1500 Fashion Island Blvd., Suite 201, San Mateo, California 94404.

## JURISDICTION AND VENUE

5. This is an action for declaratory relief brought under the Declaratory

Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, and under the Lanham Act, 15 U.S.C. § 1114. This Court has federal-question jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a). This Court has supplemental jurisdiction over the state-law claims herein pursuant to 28 U.S.C. § 1367.

6. In addition, subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1). The matter is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Ecovacs based on its principal place of business in this District and its continuous and systematic minimum contacts with residents of California through the making, distribution, offering for sale, and sale of products and services in California.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Ecovacs resides in this district. Further, this District is a convenient and appropriate venue for this action due to Ecovacs's principal place of business in this District.

## FACTUAL ALLEGATIONS

9. Crown Cell is a privately-held business that operates online marketplaces, including on Amazon, where it sells a variety of products to customers located throughout the world.

10. Upon information and belief, Amazon is the world's largest online retailer.

11. The privilege of selling on Amazon's platform is highly advantageous because Amazon provides sellers exposure to the world marketplace on a scale that no other online retailer can provide.

12. Since 2011, Crown Cell has had a contractual and business relationship with Amazon, such that Crown Cell was and is permitted to sell products on Amazon's platform.

13. Crown Cell's primary business is in the sale of products on Amazon.

14. Crown Cell acquires authentic products from various sources and resells the products on Amazon at a profit.

15. Crown Cell either completes the transaction by itself by mailing the product to the customer from its warehouse, or the transaction is completed by Amazon whereby Amazon ships Crown Cell's products to the customer from an Amazon warehouse.

16. On information and belief, Ecovacs is a manufacturer and/or provider of home robotics products, including vacuum cleaners.

17. On information and belief, Ecovacs has exclusive rights and a property interest akin to those of an assignee in the trademark ECOVACS for vacuum cleaners, in at least the United States, including U.S. Trademark Registration No. 3,537,599 for the mark ECOVACS for "[v]acuum cleaners, steam cleaners, vacuum cleaner parts and accessories . . . ." On information and belief, Ecovacs's rights and interests in the ECOVACS mark in the United States include rights as an exclusive licensee to use and enforce violations of the ECOVACS mark including the right to initiate litigation against alleged infringement.

18. In May, 2020, Crown Cell purchased authentic Ecovacs vacuum cleaners from New England Technology, Inc., who purchased them for resale directly from Ecovacs.

19. Crown Cell then listed the Ecovacs vacuum cleaners for sale on the Amazon platform in the same exact condition that they were acquired from Ecovacs through New England Technology, Inc.

20. Crown Cell is lawfully permitted to resell the Ecovacs vacuum cleaners bearing the ECOVACS mark pursuant to the first sale doctrine. Under the first sale doctrine, once a trademark owner places a product in the stream of commerce through an authorized sale, its trademark rights are exhausted and a reseller of the same product cannot be liable for trademark infringement.

21. On September 23, 2021, Ecovacs submitted a complaint to Amazon

accusing Crown Cell of listing "counterfeit" products. Ecovacs submitted at least one complaint in connection with the product listing Amazon Standard Identification Number ("ASIN") B07PJ111TZ (Complaint ID: 8933777491).

22. Crown Cell learned of Ecovac's complaint when it received an email from Amazon stating that "We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark."

23. When a brand owner submits a complaint to Amazon with allegations of counterfeiting, it put sellers in jeopardy of a full selling suspension, meaning that Crown Cell could be wrongfully suspended from selling any and all products on Amazon.

24. On information and belief, Ecovacs knew at the time it submitted its complaint regarding Crown Cell that complaints to Amazon with allegations of counterfeiting may result in selling suspensions.

25. The Ecovacs vacuum cleaners bearing the ECOVACS mark that Crown Cell listed, offered for sale, and sold on Amazon were, at all times, authentic Ecovacs products.

26. At no time has Crown Cell sold counterfeit Ecovacs products.

27. Courts and commentators have referred to counterfeiting as "hard core" or "first degree" trademark infringement because counterfeiters seek to trick consumers into believing they are purchasing the genuine product when they are in fact purchasing an imitation.

28. On information and belief, Ecovacs knew at the time it submitted the complaint to Amazon and/or refused to retract the complaint that the Ecovacs vacuum cleaners being sold by Crown Cell were not counterfeit products.

29. On information and belief, Ecovacs's true motive for submitting and/or refusing to retract the complaint was to induce Amazon to wrongfully suspend Crown Cell and to improperly restrict competition for Ecovacs's products on Amazon.

30. Ecovacs's submission and maintenance of baseless complaints to Amazon for illegitimate reasons constitutes bad faith conduct.

31. Ecovacs's wrongdoing has caused and continues to cause Crown Cell substantial monetary, reputational, and irreparable harm.

32. For example, Crown Cell was forced to close listings for the accused Ecovacs's products, thereby suffering lost profits on the products and wasted inventory fees.

33. Further, Crown cell has suffered and continues to suffer substantial damage to its seller reputation and standing with Amazon.

## COUNT I

## Declaratory Judgment of No Trademark Counterfeiting

## (28 U.S.C. §§ 2201-2202 and 15 U.S.C. § 1114)

34. Crown Cell hereby incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

35. By virtue of Ecovacs's complaint to Amazon accusing Crown Cell of listing "counterfeit" products, as well as the parties' subsequent communications, a substantial controversy exists between Crown Cell and Ecovacs, which have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

36. Crown Cell has never sold, offered for sale, distributed and/or advertised counterfeit products bearing the ECOVACS mark.

37. The Ecovacs vacuum cleaners bearing the ECOVACS mark that Crown Cell listed, offered for sale, and sold on Amazon were, at all times, authentic Ecovacs products.

38. By virtue of Ecovacs's complaint to Amazon, Crown Cell has suffered and will continue to suffer an injury in fact which is concrete, particularized, and actual or imminent.

39. A judgment declaring that Crown Cell's marketing, distribution, and

sale of Ecovacs products bearing the ECOVACS mark has not constituted and will not constitute trademark counterfeiting in violation of 15 U.S.C. § 1114 would finalize the controversy between the parties and offer them relief from uncertainty.

40. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Crown Cell is entitled to a declaration that its marketing, distribution, and sale of Ecovacs products bearing the ECOVACS mark has not constituted and will not constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

## COUNT II

### Intentional Interference with Contractual Relationship

41. Crown Cell hereby incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42. Crown Cell has at all relevant times had a contractual relationship with Amazon, which allows Crown Cell to sell products on Amazon's online platform.

43. Ecovacs has at all relevant times known about Crown Cell's contractual relationship with Amazon, as evidenced by, among other things, Ecovacs complaint to Amazon about Crown Cell's product listing.

44. Ecovacs intentionally interfered with Crown Cell's contractual relationship with Amazon by submitting and maintaining a false complaint, without justification, to Amazon accusing Crown Cell of selling counterfeit products.

45. Ecovacs's conduct induced and caused disruption to Crown Cell's contractual relationship with Amazon by, among other things, damaging Crown Cell's standing and reputation with Amazon, forcing Crown Cell to close product listings, and putting Crown Cell in jeopardy of a seller suspension.

46. Upon information and belief, Ecovacs intended, in bad faith, to induce Amazon to suspend Crown Cell from selling Ecovacs products in order to improperly restrict competition for Ecovacs products on Amazon.

47. Ecovacs's conduct has caused Crown Cell to suffer significant injuries and damages, including lost profits, return shipping costs, wasted inventory fees,

and reputational injury.

48. Crown Cell is entitled to compensatory damages including lost profits, punitive damages, attorneys' fees, and costs to the full extent permitted by law.

## COUNT III
### Injunctive Relief

49. Crown Cell hereby incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

50. Crown Cell will suffer irreparable harm if Ecovacs does not retract its complaints to Amazon or if Ecovacs continues to interfere with Crown Cell's relationship with Amazon by making false complaints concerning Crown Cell's products.

51. Crown Cell is entitled to injunctive relief requiring Ecovacs to retract its complaints to Amazon and barring Ecovacs from making any additional complaints regarding Crown Cell's products.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaration that Crown Cell's marketing, distribution, and sales of Ecovacs products bearing the ECOVACS mark has not constituted and will not constitute trademark counterfeiting in violation of 15 U.S.C. § 1114;

B. A judgment that Defendant is liable for tortious interference with Plaintiff's contractual relationship and business relationship with Amazon;

C. An injunction requiring Defendant to retract its complaints to Amazon

and barring Defendant from making any additional complaints regarding Crown Cell's products;

D. Compensatory damages and exemplary damages in an amount to be proven at trial;

E. A finding that this case is "exceptional" within the meaning of 15 U.S.C. § 1117 and a corresponding award of attorneys' fees in Plaintiff's favor;

F. An award of Plaintiff's costs in this action; and

G. Such other and further relief as the Court deems just and proper.

DATED: October 7, 2021

Respectfully submitted,

*/s/ William B. DeClercq*

William B. DeClercq, SBN 240538
**TAYLOR ENGLISH DUMA LLP**
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071
Telephone: (626) 408-2150
wdeclercq@taylorenglish.com

Coby S. Nixon (*pro hac vice* application forthcoming)
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA  30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
cnixon@taylorenglish.com

*Counsel for Plaintiff
Crown Cell Inc.*