SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LAURA L. CHAPMAN, Cal. Bar No. 167249
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:  415.434.3947
E mail       lchapman@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SOFYA ASATRYAN, Cal. Bar No. 327482
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
Telephone:  858.720,8900
Facsimile:  858. 509-3691
Email:       sasatryan@sheppardmullin.com

Attorneys for Defendant
Ecovacs Robotics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWN CELL INC.,<br><br>           Plaintiff,<br><br>      v.<br><br>ECOVACS ROBOTICS, INC.<br><br>           Defendant. | Case No.3:21-cv-07890-SI<br><br>**DEFENDANT ECOVACS ROBOTICS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO DISMISS CROWN CELL INC.'S COMPLAINT**<br><br>Date:   February 11, 2022<br>Time:  10:00 a.m.<br>Crtrm.:  1<br><br>The Honorable Susan Illston<br><br>Complaint Filed:   October 7. 2021 |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on February 11, 2022 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 1 on the 17th floor of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Susan Illston presiding, Defendant Ecovacs Robotics, Inc. ("Defendant" or "Evocavs") will and hereby does move the Court, pursuant California Code of Civil Procedure ("CCP") section 425.16 and pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order striking and/or dismissing the Second Claim for Relief for Intentional Interference with Contractual Relationships asserted in Plaintiff's ("Plaintiff" or "Crown Cell") Complaint.

Defendant's Motion to Dismiss (the "Motion") is made on the grounds that (1) Plaintiff's Second Claim for Relief for Intentional Interference with Contractual Relationships arises from activity protected by California's anti-SLAPP statute, Cal. Civ. Proc. Code ("CCP") § 425.16(a); (2) Plaintiff cannot establish a probability of prevailing on its claims because Ecovacs' alleged conduct is protected by California's litigation privilege; and (3) such conduct is separately protected under the *Noerr-Pennington* doctrine. Additionally, should the Court grant this Motion, Defendant is also entitled to attorneys' fees under California's anti-SLAPP statute.

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings, papers and other documentary materials in the Court's file for this action, those matters of which this Court may or must take judicial notice, any oral argument, and such other matters as the Court may consider.

| | |
|---|---|
| Dated: January 7, 2022 | Respectfully submitted, |
| | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | By     /s/ Laura L. Chapman |
| |         LAURA L. CHAPMAN |
| |         SOFYA ASATRYAN |
| | Attorneys for Defendant |
| | Ecovacs Robotics, Inc. |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. SUMMARY OF ALLEGATIONS IN PLAINTIFF'S COMPLAINT ...................... 1

III. LEGAL STANDARDS ................................................................................................... 3

    A. Application of California Law ................................................................................ 3

    B. California Anti-SLAPP Legal Standards ......................................................... 3

    C. Rule 12(b)(6) Legal Standards ................................................................................ 5

IV. THE SECOND CLAIM FOR RELIEF MUST BE STRICKEN AND DISMISSED .................................................................................................................................. 5

    A. Crown Cell's Claim for Intentional Interference Arises from Ecovacs' Protected Activity Under Section 425.16(e)(2) ............................................. 6

    B. Plaintiff Has No Probability of Success on the Merits on its Claim ............... 8

        1. Plaintiff's Claim is Barred by California's Litigation Privilege .......... 9

        2. Plaintiff's State Law Claim is Also Barred by the *Noerr-Pennington* Doctrine ............................................................................................. 10

    C. Plaintiff Should Not be Permitted to Amend .................................................. 11

    D. Ecovacs' is Entitled to Recover Attorneys' Fees and Costs Associated with this Motion Under the Anti-Slapp Statute ............................................. 12

V. CONCLUSION ................................................................................................................... 12

TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................................. 5

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................................................................. 5

*Century Sur. Co. v. Prince*
    782 F. App'x 553 (9th Cir. 2019) .......................................................................... 11

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011) ................................................................................ 5

*Cove USA LLC v. No Bad Days Enters., Inc.*
    No. 8:20-cv-02314-JLS-KES, 2021 WL 3568251
    (C.D. Cal. July 2, 2021) ............................................................................. 3, 7, 8, 9

*Fayer v. Vaughn*
    649 F.3d 1061 (9th Cir. 2011) ................................................................................ 5

*Feldman v. 1100 Park Lane Assocs.*
    160 Cal. App. 4th 1467 (2008) ............................................................................... 4

*Fitbit, Inc. v. Laguna 2, LLC*
    No. 17-cv-00079-EMC, 2018 U.S. Dist. LEXIS 2402
    (N.D. Cal. Jan. 5, 2018) .................................................................................... 7, 10

*Fitbit, Inc. v. Laguna 2, LLC*
    No. 17-cv-00079-EMC, 2018 WL 306724 (N.D. Cal. Jan. 5, 2018) ................. 6, 10

*Flatley v. Mauro*
    39 Cal. 4th 299 (2006) ......................................................................................... 4, 9

*GWS Techs., Inc. v. Furth*
    No. SACV 08-00586-CJC(PLAx), 2010 WL 11520562
    (C.D. Cal. Mar. 25, 2010) ....................................................................................... 6

*Hard2Find Access., Inc. v. Amazon.com, Inc.*
    691 F. App'x 406 (9th Cir. 2017) ..................................................................... 10, 11

*Kearny v. Foley & Lardner LLP*
    553 F. Supp. 2d 1178 (S.D. Cal. 2008) ................................................................. 12

*Love v. United States*
 915 F.2d 1242 (9th Cir. 1989) .................................................................................. 5

*OG Int'l, Ltd. v. Ubisoft Entm't*
 No. C 11-04980 CRB, 2012 U.S. Dist. LEXIS 145408
 (N.D. Cal. Oct. 9, 2012) ......................................................................................... 10

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*
 890 F.3d 828 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018) ....................... 4

*Quidel Corp. v. Siemens Med. Sols. USA, Inc.*
 No. 16-cv-3059-BAS-AGS, 2019 WL 4747671 (S.D. Cal. Sept. 27, 2019) ............. 3, 4

*Rusheen v. Cohen*
 37 Cal. 4th 1048 (2006) ............................................................................................ 9

*Sarver v. Chartier*
 813 F.3d 891 (9th Cir. 2016) ..................................................................................... 3

*Sharper Image Corp. v. Target Corp.*
 425 F. Supp. 2d 1056 (N.D. Cal. 2006) ..................................................................... 9

*Sparrow LLC v. Lora*
 No. CV-14-1188-MWF, 2014 WL 12573525 (C.D. Cal. Dec. 4, 2014) ...................... 4

*Sprewell v. Golden State Warriors*
 266 F.3d 979 (9th Cir. 2001) ..................................................................................... 5

*Susan A. v. County of Sonoma*
 2 Cal. App. 4th 88 (1991) .......................................................................................... 9

*Tensor Law P.C. v. Rubin*
 No. 2:18-cv-01490-SVW-SK, 2019 WL 3249595 (C.D. Cal. Apr. 10, 2019) .......... 4, 7

*Theme Promotions, Inc. v. News Am. Mktg. FSI*
 546 F.3d 991 (9th Cir. 2008) ............................................................................. 10, 11

*Thimes Sols. v. TP Link United States Corp.*
 No. CV 19-10374 PA (Ex), 2020 U.S. Dist. LEXIS 138591 (C.D. Cal. June 8,
 2020) ........................................................................................................................ 9

*TP Link United States Corp. v. Careful Shopper LLC*
 No. 8:19-cv-00082-JLS-KES, 2020 U.S. Dist. LEXIS 104065 (C.D. Cal.
 Mar. 23, 2020) ............................................................................................... 6, 7, 12

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*
 190 F.3d 963 (9th Cir. 1999) ................................................................................... 12

*Verizon Del., Inc. v. Covad Communs Co.*
  377 F.3d 1081 (9th Cir. 2004) .................................................................................. 3

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) .................................................................................. 4

*Weisbuch v. Cnty. of Los Angeles*
  119 F.3d 778 (9th Cir. 1997) .................................................................................... 5

<u>Statutes</u>

Cal. Civ. Proc. Code § 47(b) ......................................................................................... 9

Cal. Civ. Proc. Code § 425.16(a) .................................................................................. 3

Cal. Civ. Proc. Code § 425.16(b)(1) .......................................................................... 3, 4

Cal. Civ. Proc. Code § 425.16(e)(2) ....................................................................... 3, 6, 7

<u>Other Authorities</u>

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 5

Fed. R. Civ. P. 15(a) .................................................................................................. 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This dispute centers around one complaint that Ecovacs made to Amazon after it noticed that Plaintiff was selling its goods on Amazon.com without authorization and at a lower price. After Amazon temporarily removed Plaintiff's listing for Ecovacs' vacuums from its account, Plaintiff filed this lawsuit seeking a declaratory judgment as to the parties' respective rights; the complaint also asserts as the Second Claim for Relief a claim for intentional interference with contractual relationship under California law (the "intentional interference claim").

Plaintiff's intentional interference claim must be stricken pursuant to California's anti-SLAPP statute and dismissed pursuant to Rule 12(b)(6). California's anti-SLAPP statute applies to claims arising from certain protected activities, including pre-litigation takedown notices, such as the notice that Ecovacs sent to Amazon.com. Because Plaintiff's intentional interference claim is solely based on this protected activity, the burden shifts to Plaintiff to establish a probability of success on its claim. However, Plaintiff cannot possibly meet this burden for two reasons.

First, pre-litigation infringement notices are protected by California's litigation privilege. California's litigation privilege bars claims arising from even allegedly "bad-faith" notices, as Plaintiff alleges in this action.

Second, takedown notices are protected under the *Noerr-Pennington* doctrine.

For these reasons, Plaintiff's claim for tortious interference must be stricken or dismissed with prejudice, entitling Ecovacs to an award of fees and costs for bringing this Motion pursuant to California's anti-SLAPP statute.

## II. SUMMARY OF ALLEGATIONS IN PLAINTIFF'S COMPLAINT

As alleged in the Complaint, Ecovacs is a manufacturer and provider of home robotics products, including vacuum cleaners. Complaint, ¶ 16 (Dkt. 1). Ecovacs' vacuum cleaners bear the ECOVACS trademark. *Id.*, ¶ 20.

Crown Cell sells products on online marketplaces, such as Amazon. *Id*., ¶ 9-13. Crown Cell has sold and/or continues to sell Ecovacs' vacuum cleaners on Amazon. *Id*., ¶ 18.

Crown Cell admits that Ecovacs has exclusive rights in the ECOVACS mark in the United States, which include rights as an exclusive licensee to use and enforce violations of the ECOVACS mark including the right to initiate litigation against alleged infringement. *Id*., ¶ 17.

On or about September 23, 2021, Ecovacs submitted a complaint to Amazon that Crown Cell was listing counterfeit Ecovacs vacuums on Amazon. *Id*., ¶ 21. Plaintiff learned of Ecovacs' complaint when it received an email from Amazon stating that Amazon removed some of Plaintiff's listings. *Id*., ¶ 22.

Crown Cell filed its Complaint against Ecovacs on October 7, 2021, alleging three claims for relief: (1) Declaratory Judgment for Trademark Infringement; (2) Intentional Interference with Contractual Relationships; and (3) Injunctive Relief. *See id*. Defendant denies the claims. Only the second claim for relief is at issue in this Motion.

To support its claim for Intentional Interference with Contractual Relationships, Plaintiff alleges that Ecovacs intentionally interfered with Plaintiff's contractual relationship with Amazon by submitting and maintaining a false complaint, without justification, to Amazon accusing Plaintiff of selling counterfeit Ecovacs products. *Id*., ¶ 44. Plaintiff alleges that Ecovacs' conduct induced and caused disruption to Plaintiff's contractual relationship with Amazon by damaging its standing and reputation with Amazon, forcing Plaintiff to close product listings, and putting Plaintiff in jeopardy of a seller suspension. *Id*., ¶ 45. Plaintiff also pleads, upon information and belief, that Ecovacs induced Amazon to suspend Plaintiff from selling Ecovacs products in bad faith, in order to improperly restrict competition for Ecovacs products on Amazon. *Id*., ¶ 46.

## III. LEGAL STANDARDS

### A. Application of California Law

Federal courts sitting in California apply California substantive law when exercising supplemental jurisdiction over state law claims. *Cove USA LLC v. No Bad Days Enters., Inc.*, No. 8:20-cv-02314-JLS-KES, 2021 WL 3568251, at *2 (C.D. Cal. July 2, 2021) (citing *Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011)).

### B. California Anti-SLAPP Legal Standards

California's anti-SLAPP statute provides for a special motion to strike meritless claims that "chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. Cal. Civ. Proc. Code ("CCP") § 425.16(a). The "section shall be construed broadly." *Id.*; *see Sarver v. Chartier*, 813 F.3d 891, 899 (9th Cir. 2016) ("[C]ourts are instructed to construe California's [anti-SLAPP] statute 'broadly.'"). An act constitutes protected activity under section 425.16 if it is undertaken "in furtherance of [a] person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." CCP § 425.16(b)(1). Section 425.16(e) defines four categories of protected activity, including "any written or oral statement or writing in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." CCP § 425.16(e)(2).

The anti-SLAPP statute applies to state law claims and counterclaims filed in federal court. *See, e.g., Verizon Del., Inc. v. Covad Communs Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-cv-3059-BAS-AGS, 2019 WL 4747671, at *2 n.2 (S.D. Cal. Sept. 27, 2019) (anti-SLAPP motions may arise in connection with counterclaims).

Courts follow a two-step inquiry for analyzing anti-SLAPP motions to strike. *See, e.g., Sarver*, 813 F.3d at 902. First, the moving party must make a threshold

showing that the challenged claims arise from activity protected by the anti-SLAPP statute. *See Tensor Law P.C. v. Rubin,* No. 2:18-cv-01490-SVW-SK, 2019 WL 3249595, at *4 (C.D. Cal. Apr. 10, 2019) (citing *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002)). The moving party's burden is "only to make a prima facie showing of protected activity, which is 'not an onerous one.'" *Id*. (quoting *Okorie v. L.A. Unified Sch. Dist.*, 14 Cal. App. 5th 574, 590 (2017)). Once this initial burden is satisfied, the moving party faces no additional requirement of showing that the challenged claims were "intended to or actually did chill" the exercise of rights. *Feldman v. 1100 Park Lane Assocs.,* 160 Cal. App. 4th 1467, 1468 (2008).

The second prong of the analysis begins once the moving party makes the required prima facie showing, and the burden shifts to the party asserting the challenged claim to establish "a probability [of] prevail[ing] on the claim." CCP § 425.16(b)(1); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). In this second step "the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Id*. Where, as here, "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the [FRCP] 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018); *see Quidel*, 2019 WL 4747671, at *8. To meet its burden of showing a probability of success on the challenged claims, the non-moving party "must overcome substantive defenses." *Sparrow LLC v. Lora*, No. CV-14-1188-MWF (JCx), 2014 WL 12573525, at *5 (C.D. Cal. Dec. 4, 2014); *see Flatley v. Mauro*, 39 Cal. 4th 299, 323 (2006) (litigation privilege is "a substantive defense a [non-moving party] must overcome to demonstrate a probability of prevailing").

### C. Rule 12(b)(6) Legal Standards

A complaint should be dismissed if a plaintiff fails to plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). A complaint must set forth sufficient facts which, when taken as true, raise more than a speculative right to relief. *Id*. at 555. "[N]aked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

Although the court must accept as true all well pleaded allegations*, Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), it is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)). The court need not assume the validity of "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. THE SECOND CLAIM FOR RELIEF MUST BE STRICKEN AND DISMISSED

Plaintiff's claim for intentional interference with contractual relationships should be dismissed under California's anti-SLAPP statute because it is based solely on the notice that Ecovacs sent to Amazon. As explained below, such statements made to enforce intellectual property rights are "protected activities" under California's anti-SLAPP statute.

Because the underlying activity – Ecovacs' notice to Amazon – qualifies as a "protect activity," the burden then shifts under the anti-SLAPP statute to Plaintiff to establish a probability of succeeding on these claims.  Plaintiff cannot meet its burden as a matter of law not only because the notice to Amazon is absolutely privileged, but also because it is barred by the *Noerr-Pennington* doctrine.

### A. Crown Cell's Claim for Intentional Interference Arises from Ecovacs' Protected Activity Under Section 425.16(e)(2)

Plaintiff's intentional interference claim is entirely based on the notice sent by Ecovacs to Amazon identifying certain Crown Cell product listings as infringing on Ecovacs' trademark.  Although the precise language of the communication to Amazon are not set forth verbatim in the Complaint, the intentional interference claim is based entirely on the complaint to Amazon.  Moreover, the declaratory judgment claim is based on the assertion that Plaintiff's product listings on Amazon do not infringe on Ecovacs' trademark.

The fact that the communication was directed to Amazon, which is not a party to this litigation, does not defeat this motion.  Other courts have considered this same issue and determined that Amazon and similarly-situated online retailers are have an interest in this type of litigation over the propriety of a take-down notice because disputes like this concern "the propriety of activity that Amazon facilitates on its marketplace platform." *TP Link United States Corp. v. Careful Shopper LLC*, No. 8:19-cv-00082-JLS-KES, 2020 U.S. Dist. LEXIS 104065, at *18 (C.D. Cal. Mar. 23, 2020) (anti-SLAPP motion granted); *see also Fitbit, Inc. v. Laguna 2, LLC*, No. 17-cv-00079-EMC, 2018 WL 306724, at *3 (N.D. Cal. Jan. 5, 2018) (same); *GWS Techs., Inc. v. Furth*, No. SACV 08-00586-CJC(PLAx), 2010 WL 11520562, at *3 (C.D. Cal. Mar. 25, 2010) (The recipients of the information need not be potential parties to the litigation; it is enough that they may be 'unwitting participants' in the alleged misconduct.")

Communications in furtherance of the defense of intellectual property rights, like those that are the subject of Plaintiff's claim for intentional interference, fall within the protection of the anti-SLAPP statute. Section 425.16(e)(2) protects "written or oral statements . . . made in connection with an issue under consideration or review by a judicial body." CCP § 425.16(e)(2). This encompasses statements and writings made in connection with civil litigation and its protections "extend to pre-litigation conduct." *Tensor,* 2019 WL 3249595, at \*6.

California district courts have found that "takedown" notices issued by a trademark holder to a third party retailer (like Amazon.com) alleging counterfeiting was "indeed covered by § 425.16." *TP Link United States Corp.*, 2020 U.S. Dist. LEXIS 104065, at \*15-18 ("the Court concludes that these communications are related to the substantive issues of this litigation, and that the thrust or gravamen of Defendant's counterclaims is litigation conduct falling within the anti-SLAPP statute. Further, the communications were clearly made to a party with an interest in this litigation, as this dispute concerns the propriety of activity that Amazon facilitates on its amazon.com marketplace platform.") *See also Fitbit, Inc. v. Laguna 2, LLC*, No. 17-cv-00079-EMC, 2018 U.S. Dist. LEXIS 2402, at \*14 (N.D. Cal. Jan. 5, 2018) (infringement notices sent to third-party Groupon were still "reasonably relevant" to the "subject matter" of the lawsuit, i.e., the Fitbit products "improperly being sold in the marketplace.").

One case is directly on point with the facts is *Cove*, 2021 WL 3568251, at \*3. In *Cove*, the defendant sent a notice to an online marketplace called Shopify, identifying that some of the plaintiff's product listings were allegedly infringing on the defendant's products. The plaintiff then filed a lawsuit against the defendant, alleging claims for declaratory relief and state law tort claims such as intentional interference, predicated on defendant's complaint to Shopify. *Id*. The defendant filed a motion to strike/dismiss under California's anti-SLAPP statute, arguing that even notices sent in "bad-faith," as alleged in the complaint, squarely fall into the

statute as protected speech. *Id.* at * 4. The court there agreed, finding that the defendant's takedown notices were in fact protected activities, even though the plaintiff initiated the lawsuit. *Id*.

The court in *Cove* considered the second prong, whether the plaintiff could show a probability of success on the challenged state law claims. *Id*. It found that even "fraudulent, deliberately false, or other types of tortious communication" must be susceptible to coverage by the litigation privilege. *Id.* at *6. The court stopped its analysis there, and granted the defendant's motion to strike/dismiss the plaintiff's state law claims alleging tortious interference, and allowed the defendant to recover its attorneys' fees and costs for bringing the anti-SLAPP motion. *Id*. at *7.

The facts at issue here are almost identical to those in *Cove*. Here, Plaintiff's state law claim is also predicated solely on Ecovacs' notice to Amazon. Indeed, like in *Cove*, Plaintiff filed this instant lawsuit after Ecovacs' notified Amazon, identifying Ecovacs' notice as the basis of the intentional interference with contractual relationships, which is the exact same basis for Plaintiff's own declaratory judgment claim raised in this very litigation. That Amazon temporarily removed those items, delaying the need to file litigation, does not change the fact that litigation remained imminent – as aptly demonstrated by the fact that Plaintiff itself filed the present action within weeks of the first notice seeking a judicial declaration regarding its infringing activities. Just like the court in *Cove*, this Court should rule in favor of Ecovacs because its notice to Amazon is a protected activity and should permit Ecovacs to file a motion to recover its attorneys' fees and costs for filing this Motion.

B.  **Plaintiff Has No Probability of Success on the Merits on its Claim**

Ecovacs' prima facie showing that Plaintiff's claim arises from acts within the coverage of § 425.16 shifts the burden to Plaintiff to demonstrate a probability of success on the challenged claim for intentional interference with contractual

relationships.  First, Plaintiff's claim is barred by California's litigation privilege.  Second, Plaintiff's claim is barred by the *Noerr-Pennington* doctrine.

> 1. **Plaintiff's Claim is Barred by California's Litigation Privilege**

CCP § 47(b) provides that communications made in or related to judicial proceedings are immune from tort liability.  California's litigation privilege, embodied in California Civil Code§ 47(b), "afford[s] litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Flatley*, 39 Cal. 4th at 321.  The privilege "applies to any communications (1) made in a judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; (4) that have some connection or logical relations to the action." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1077 (N.D. Cal. 2006) (citations omitted).

"[C]ommunications with '***some relation***' to judicial proceedings are 'absolutely immune from tort liability' by the litigation privilege." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) (emphasis added).  California law has further expanded the privilege to "include publication to nonparties with a substantial interest in the proceeding." *Susan A. v. County of Sonoma*, 2 Cal. App. 4th 88, 94 (1991) (citing *Costa v. Superior Court*, 157 Cal. App. 3d 673, 678 (1984)).

Hence, "takedown" notices asserting trademark and/or copyright infringement – like the present notice to Amazon – are within the California litigation privilege and cannot, as a matter of law, support a claim for tortious interference.  *See Cove*, 2021 WL 3568251, at *6 ("However, as an 'absolute' privilege, California's litigation privilege is not subject to qualification based upon the subjective motives or alleged bad faith of a party making a challenged communication.") (granting anti-SLAPP motion); *Thimes Sols. v. TP Link United States Corp.*, No. CV 19-10374 PA (Ex), 2020 U.S. Dist. LEXIS 138591, at *21 (C.D. Cal. June 8, 2020) ("Defendants' communications to Amazon are reasonably related to this litigation and therefore

fall under California's litigation privilege.") (same); *Fitbit, Inc.*, 2018 U.S. Dist. LEXIS 2402, at *27 (same) (applying litigation privilege to infringement notice sent to third-party Groupon).

Plaintiff's allegations that Defendant's actions were "without justification," in addition to being utterly meritless, are totally irrelevant. For the same reasons that Ecovacs' at-issue pre-litigation communications are protected under the first step of the anti-SLAPP analysis, they are also protected by California's absolute litigation privilege. *See, e.g., Fitbit*, 2018 WL 306724, at *9 ("Because the Court found in Fitbit's favor on the first part of the anti-SLAPP analysis . . . Fitbit prevails on the litigation privilege as well.").

### 2. Plaintiff's State Law Claim is Also Barred by the *Noerr-Pennington* Doctrine

Plaintiff's second claim for relief also fails because it is independently barred by the *Noerr-Pennington* doctrine. "While the *Noerr-Pennington* doctrine was developed in response to antitrust claims, courts have expanded it to other contexts." *OG Int'l, Ltd. v. Ubisoft Entm't*, No. C 11-04980 CRB, 2012 U.S. Dist. LEXIS 145408, at *5 (N.D. Cal. Oct. 9, 2012) (quoting *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 930 (9th Cir. 2006)). The doctrine immunizes pre-suit infringement notices to third parties. *See, e.g., Hard2Find Access., Inc. v. Amazon.com, Inc.,* 691 F. App'x 406, 407 (9th Cir. 2017) (infringement notice to Amazon protected by *Noerr-Pennington* immunity).

In the Ninth Circuit, "[c]onduct incidental to a lawsuit...falls within the protection of the *Noerr-Pennington* doctrine." *Theme Promotions, Inc. v. News Am. Mktg. FSI,* 546 F.3d 991, 1007 (9th Cir. 2008). Furthermore, pre-suit infringement notices to third parties – such as notice at issue here – are equally protected. *OG Int'l, Ltd.*, 2012 U.S. Dist. LEXIS 145408, at *8 ("the fact that Crave and GameStop were never sued and are non-parties to the present suit does not preclude application of *Noerr-Pennington* immunity."); *Hard2Find*, 691 F. App'x at 407 (infringement

takedown notice sent by Apple to Amazon.com protected by *Noerr-Pennington* immunity).

In *Hard2Find,* the Ninth Circuit analyzed a report that Apple sent to Amazon in which a third-party seller sold counterfeit iPad cover, resulting in Amazon suspending Hard2Finds's account. *Hard2Find,* 691 F. App'x at 406-08. Hard2Find then sued Apple for tortious interference. *Id.* The district court dismissed the intentional interference claim based on the *Noerr-Pennington* doctrine, and the Ninth Circuit affirmed. In affirming dismissal, the Ninth Circuit held that the *Noerr-Pennington* doctrine barred Hard2Find's state law claim for tortious interference because it was based on Apple's infringement reports to Amazon. *Id.* at 407.

Since the *Noerr-Pennington* doctrine prohibits a plaintiff from asserting state law tort claims, including tortious interference claims based on protected activity, Plaintiff's claim here must be dismissed. *Theme Promotions*, 546 F. 3d at 1007 ("There is no reason that *Noerr-Pennington* and California privilege law cannot both apply to Theme's intentional interference claims, and we hold that the district court properly considered both doctrines.").

### C. Plaintiff Should Not be Permitted to Amend

Typically, a motion to dismiss should often be granted with leave to amend pursuant to Fed. R. Civ. P. 15(a), but that is not the case where – as here – the Complaint fails because the claims are fundamentally barred by law. However, a leave to amend is not warranted where claims are based on protected communications. *Century Sur. Co. v. Prince*, 782 F. App'x 553, 557 (9th Cir. 2019). Indeed, Plaintiff's claim for intentional interference with contractual relationships is completely based on Ecovacs' notice to Amazon, which is a "protected activity" under California's anti-SLAPP statute and is separately protected under the California litigation privilege and the *Noerr-Pennington* doctrine.

### D. Ecovacs' is Entitled to Recover Attorneys' Fees and Costs Associated with this Motion Under the Anti-Slapp Statute

"[A]n award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory." *Kearny v. Foley & Lardner LLP*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008). The anti-SLAPP statute's fee-shifting provision equally applies in Federal courts. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).

As explained above, Plaintiff's claim for intentional interference with contractual relationships arises from protected activity and Plaintiff cannot amend its Complaint to demonstrate a probability of success on the merits for this claim. Ecovacs should be awarded its attorneys' fees and costs for bringing this anti-SLAPP motion to strike should the Court grant this Motion. Ecovacs may seek its fees in a separate, properly noticed motion. *TP Link United States Corp.*, 2020 U.S. Dist. LEXIS 104065, at *26.

## V. CONCLUSION

For the foregoing reasons, Ecovacs respectfully requests that the Court grant its motion to strike, or in the alternative, dismiss Plaintiff's claim for intentional interference with contractual relationships without leave.

Dated: January 7, 2022   Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Laura L. Chapman
LAURA L. CHAPMAN
SOFYA ASATRYAN

Attorneys for Defendant
Ecovacs Robotics, Inc.