SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LAURA L. CHAPMAN, Cal. Bar No. 167249
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:   415.434.3947
E mail      lchapman@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SOFYA ASATRYAN, Cal. Bar No. 327482
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
Telephone:  858.720.8900
Facsimile:   858. 509-3691
Email:       sasatryan@sheppardmullin.com

Attorneys for Defendant
Ecovacs Robotics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWN CELL INC., | Case No.3:21-cv-07890-SI |
| Plaintiff, | **DEFENDANT ECOVACS ROBOTICS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CROWN CELL INC.'S SECOND AMENDED COMPLAINT** |
| v. | |
| ECOVACS ROBOTICS, INC. | |
| Defendant. | Date:    April 1, 2022<br>Time:    10:00 a.m.<br>Crtrm.:  1 |
| | The Honorable Susan Illston |
| | Complaint Filed:    October 7. 2021 |

1

## <u>NOTICE OF MOTION</u>

2        **PLEASE TAKE NOTICE** that on April 1, 2022 at 10:00 a.m., or as soon

3  thereafter as counsel may be heard, in Courtroom 1 on the 17th floor of the United

4  States District Court for the Northern District of California, San Francisco Division,

5  located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable

6  Susan Illston presiding, Defendant Ecovacs Robotics, Inc. ("Defendant" or

7  "Evocavs") will and hereby does move the Court, pursuant to Federal Rule of Civil

8  Procedure 12(b)(6), for an order dismissing Plaintiff's Second Amended Complaint

9  ("SAC").

10       Defendant's Motion to Dismiss (the "Motion") is made on the following

11  grounds: (1) Plaintiff's First Claim for Relief for fraud and misrepresentation does

12  not sufficiently plead intent and is barred by the economic loss doctrine; (2) Plaintiff's

13  Second Claim for Relief for breach of express warranty does not allege a breach and

14  is barred because Plaintiff never gave Ecovacs notice of any defective vacuums prior

15  to bringing this lawsuit; (3) Plaintiff's Third Claim for Relief for breach of implied

16  warranties fails because Plaintiff's sole remedy is Ecovacs' Limited Warranty, the

17  parties are not in vertical privity, and because Plaintiff never gave Ecovacs notice of

18  any defective vacuums; and (4) Plaintiff's Fourth Claim for Relief for declaratory

19  judgment is moot because Ecovacs provides here in writing that it will not sue

20  Plaintiff for trademark infringement as to any authentic vacuums that it purchased

21  from its distributor, NETi, on the dates alleged in the SAC.

22       The Motion is based on this Notice of Motion and Motion, the attached

23  Memorandum of Points and Authorities, all pleadings, papers and other documentary

24  materials in the Court's file for this action, those matters of which this Court may or

25  must take judicial notice, any oral argument, and such other matters as the Court may

26  consider.

27

28

1

Dated:  March 4, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
/s/ Laura L. Chapman
LAURA L. CHAPMAN
SOFYA ASATRYAN

Attorneys for Defendant
Ecovacs Robotics, Inc.

SMRH:4878-0024-1164.3
DEFENDANT ECOVACS ROBOTICS, INC.'S MOTION TO DISMISS

# TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION ........................................................................................... 1

II.     PROCEDURAL HISTORY ............................................................................. 1

III.    SUMMARY OF ALLEGATIONS IN PLAINTIFF'S SECOND
        AMENDED COMPLAINT .............................................................................. 4

IV.     LEGAL STANDARDS .................................................................................... 6

        A.    Application of California Law ............................................................. 6

        B.    Rule 12(b)(6) Legal Standards ............................................................ 6

        C.    Rule 9 Legal Standards ....................................................................... 7

        D.    Rule 8(a) Legal Standards ................................................................... 8

        E.    Leave to Amend Should Be Denied When Futile ................................ 9

V.      THE FIRST CLAIM FOR RELIEF FOR "FRAUD AND
        MISREPRESENTATION" SHOULD BE DISMISSED ................................. 9

        A.    Plaintiff's Claim for Fraud and Misrepresentation is Barred
              by the Economic Loss Rule ............................................................... 10

        B.    Plaintiff's Claim for Fraud and Misrepresentation Fails to
              Sufficiently Plead "Intent" ............................................................... 11

VI.     THE SECOND CLAIM FOR RELIEF FOR BREACH OF
        EXPRESS WARRANTY SHOULD BE DISMISSED ................................. 13

        A.    Merely Alleging that the Vacuums Were Not Free From
              Defects Does Not Constitute a Breach of Warranty Under
              the Law .............................................................................................. 14

        B.    Plaintiff is also Barred from Bringing this Claim Because it
              Did Not Provide any Notice to Ecovacs or Give Ecovacs an
              Opportunity to Cure .......................................................................... 15

VII.    THE THIRD CLAIM FOR RELIEF FOR BREACH OF
        IMPLIED WARRANTIES SHOULD BE DISMISSED ............................... 16

        A.    The Court May Take Judicial Notice of the Ecovacs
              Limited Warranty .............................................................................. 17

        B.    Ecovacs Expressly Disclaims Implied Warranties ............................ 19

        C.    Plaintiff Cannot Claim Breach of Warranty Because it is
              Not in Privity of Contract with Ecovacs. .......................................... 19

        D.    Plaintiff Did Not Give Reasonable Notice to Ecovacs that
              its Vacuums Were Defective to Give Ecovacs an
              Opportunity to Cure .......................................................................... 20

VIII.   THE FOURTH CLAIM FOR DECLARATORY JUDGMENT OF
        NO TRADEMARK COUNTERFEITING SHOULD BE
        DISMISSED ................................................................................................. 20

IX.     CONCLUSION ............................................................................................. 21

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Alvarez v. Chevron Corp.*
656 F.3d 925 (9th Cir. 2011) ........................................................................ 15, 16

*Am. Suzuki Motor Corp. v. Superior Court*
37 Cal. App. 4th 1291 (1995) ............................................................................ 16

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........................................................................................... 6, 7

*Ashton v. J.M. Smucker Co.*
No. EDCV 20-992 ................................................................................................. 9

*Baltazar v. Apple, Inc.*
No. CV-10-3231-JF, 2011 U.S. Dist. LEXIS 13187 (N.D. Cal. Feb. 10,
2011) ..................................................................................................................... 13

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ..................................................................................... 6, 7, 8

*Burr v. Sherwin Williams Co.*
42 Cal. 2d 682 (Cal. 1954) ............................................................................... 19

*Clemens v. DaimlerChrysler Corp.*
534 F.3d 1017 (9th Cir. 2008) .......................................................................... 19

*Conservation Force v. Salazar*
646 F.3d 1240 (9th Cir. 2011) ............................................................................. 6

*Cove USA LLC v. No Bad Days Enters., Inc.*
No. 8:20-cv-02314-JLS-KES, 2021 WL 3568251 (C.D. Cal. July 2, 2021) ....... 6

*Crossbow Tech., Inc. v. YH Tech.*
531 F. Supp. 2d 1117 (N.D. Cal. 2007) ............................................................ 21

*In re Doctors Hosp. of Hyde Park, Inc.*
308 B.R. 311 (Bankr. N.D. Ill. 2004) ............................................................. 7, 8

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*
536 F. Supp. 2d 1129 (N.D. Cal. 2008) ............................................................. 6

# TABLE OF AUTHORITIES

Page(s)

*Ebeid ex rel. United States v. Lungwitz*
   616 F.3d 993 (9th Cir. 2010) ................................................................. 7

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*
   751 F.3d 990 (9th Cir. 2014) ................................................................. 8

*Erlich v. Menezes*
   21 Cal. 4th 543 (Cal. 1999) ................................................................. 10

*Fayer v. Vaughn*
   649 F.3d 1061 (9th Cir. 2011) ............................................................... 6

*Giles v. GMAC*
   494 F.3d 865 (9th Cir. 2007) ............................................................... 11

*Grausz v. Kroger Co.*
   No. 19-CV-449 JLS (AGS), 2020 U.S. Dist. LEXIS 260667 (S.D. Cal.
   Mar. 3, 2020) ...................................................................................... 20

*H.L. v. Wal-Mart Stores, Inc.*
   No. EDCV 15-1056 .................................................................... 19, 20

*Hadley v. Kellogg Sales Co.*
   273 F. Supp. 3d 1052 (N.D. Cal. 2017) ................................................ 14

*Hauck v. Advanced Micro Devices, Inc.*
   No. 18-CV-00447-LHK, 2018 U.S. Dist. LEXIS 185070 (N.D. Cal.
   Oct. 29, 2018) ................................................................................ 13, 14

*Kent v. Hewlett-Packard Co.*
   No. 09-5341 JF PVT, 2010 U.S. Dist. LEXIS 76818 (N.D. Cal. July 6,
   2010) .................................................................................................. 14

*Khoja v. Orexigen Therapeutics, Inc.*
   899 F.3d 988 (9th Cir. 2018) .......................................................... 17, 18

*In re Kimmel*
   324 F. App'x 550-51 (9th Cir. 2008) ...................................................... 7

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001) ............................................................... 17

DEFENDANT ECOVACS ROBOTICS, INC.'S MOTION TO DISMISS

## TABLE OF AUTHORITIES

Page(s)

*Lee v. Toyota Motor Sales, U.S.A., Inc.*
   992 F. Supp. 2d 962 (C.D. Cal. 2014) .................................................................. 13

*Love v. United States*
   915 F.2d 1242 (9th Cir. 1989) .............................................................................. 6

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*
   No. 07-CV-912 - IEG (BLM), 2007 U.S. Dist. LEXIS 54876 (S.D. Cal.
   July 27, 2007) ....................................................................................................... 12

*Mexia v. Rinker Boat Co.*
   174 Cal. App. 4th 1297 (2009) ............................................................................ 16

*Miller v. Ghirardelli Chocolate Co.*
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ................................................................. 9

*Miller v. Rykoff-Sexton, Inc.*
   845 F.2d 209 (9th Cir. 1988) ................................................................................ 9

*Minkler v. Apple, Inc.*
   65 F. Supp. 3d 810 (N.D. Cal. 2014) .............................................................. 1, 15

*In re Nexus 6P Prods. Liab. Litig.*
   293 F. Supp. 3d 888 (N.D. Cal. 2018) ................................................................. 16

*Odom v. Microsoft Corp.*
   486 F.3d 541 (9th Cir. 2007) ................................................................................ 8

*Oracle USA, Inc. v. XL Global Servs.*
   No. C 09-00537 MHP, 2009 U.S. Dist. LEXIS 59999 (N.D. Cal. Jul. 13,
   2009) ..................................................................................................................... 10

*Pollard v. Saxe & Yolles Dev. Co.*
   12 Cal. 3d 374 (Cal. 1974) .................................................................................. 16

*Punian v. Gillette Co.*
   No. 14-CV-05028-LHK, 2016 U.S. Dist. LEXIS 34164 (N.D. Cal.
   Mar. 15, 2016) ...................................................................................................... 16

*R Power Biofuels, LLC v. Chemex LLC*
   No. 16-CV-00716-LHK, 2017 U.S. Dist. LEXIS 47129 (N.D. Cal.
   Mar. 29, 2017) ................................................................................................. 10, 11

# TABLE OF AUTHORITIES

Page(s)

*Robinson Helicopter Co., Inc. v. Dana Corp.*
  34 Cal. 4th 979 (2004) ........................................................................... 10

*Sherwin-Williams Co. v. JB Collision Servs., Inc.*
  Nos. 13-CV-1946-LAB-WVG, 13-CV-1947-LAB-WVG, 2014 U.S. Dist.
  LEXIS 145950 (S.D. Cal. Oct. 10, 2014) ........................................... 8, 11

*Smith v. Allstate Ins. Co.*
  160 F. Supp. 2d 1150 (S.D. Cal. 2001) ................................................. 12

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) .................................................................. 7

*Sunnyside Dev. Co., LLC v. Opsys Ltd.*
  No. C 05-0553 MHP, 2005 U.S. Dist. LEXIS 39303 (N.D. Cal. Aug. 8,
  2005) ...................................................................................................... 12

*T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*
  83 F. Supp. 3d 855 (N.D. Cal. 2015) ..................................................... 14

*Tenzer v. Superscope, Inc.*
  39 Cal. 3d 18 (1985) ........................................................................... 9, 12

*U.S. Ex rel. Lee v. SmithKline Beecham, Inc.*
  245 F.3d 1048 (9th Cir. 2001) ................................................................. 9

*U.S. v. United Healthcare Ins. Co.*
  848 F.3d 1161 (9th Cir. 2016) ................................................................. 7

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*
  117 F. Supp. 3d 1092 (C.D. Cal. 2015) ............................................... 8, 11

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) ............................................................. 7, 8

*Weisbuch v. Cnty. of Los Angeles*
  119 F.3d 778 (9th Cir. 1997) .................................................................. 7

Statutes / Other Authorities

Cal. Civ. Code § 1791.2(a)(1) ...................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

Cal. Com. Code § 2102.................................................................................... 13

Cal. Com. Code § 2313.................................................................................... 13

Cal. Com. Code § 2313(1)(a) ......................................................................... 13

Cal. Com. Code § 2607............................................................................. 15, 20

Cal. Com. Code § 2607(3)(A) .......................................................... 1, 4, 5, 15

Cal. Com. Code § 2719(1)(b) ................................................................... 17, 19

Fed. R. Evid. 201 ............................................................................................ 17

Fed. R. Evid. 201(b) ........................................................................................ 17

Fed. R. Evid. 201(b)(1)-(2) ............................................................................ 17

Federal Rules of Civil Procedure Rule 8(a) ........................................ 1, 8, 11

Federal Rules of Civil Procedure Rule 9 ................................................... 7, 8

Federal Rules of Civil Procedure Rule 9(b) ............................................... 7, 8

Federal Rules of Civil Procedure Rule 12(b)(6)........................................ 6, 8

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.     INTRODUCTION**

3       This motion stands for the proposition that "third time is ***not*** the charm."

4       Plaintiff's Second Amended Complaint ("SAC"), like the two complaints

5  before it, fails.  This one fails for the following reasons:

6       The first claim for relief, alleging fraud and misrepresentation, fails because

7  the claim is barred by the economic loss doctrine and also because Plaintiff does not

8  sufficiently allege "intent" as required by Rule 8(a).

9       The second claim for relief, alleging breach of express warranty, fails for two

10 reasons.  First, the claim does not allege the critical element of breach, or any facts

11 that support a breach.  Second, Plaintiff did not contact Ecovacs within a reasonable

12 time after allegedly discovering that the vacuums did not work.  As a matter of law, a

13 plaintiff who fails to provide a manufacturer this notice (and an opportunity to cure)

14 is barred from asserting a claim for breach of express warranty.  *Minkler v. Apple,*

15 *Inc.*, 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014); *see also* Cal. Com. Code § 2607(3)(A).

16      The third claim for relief, alleging breach of implied warranties, fails for four

17 reasons.  First, Ecovacs expressly disclaims any implied warranties; Plaintiff's sole

18 remedy is Ecovacs' Limited Warranty.  Second, Ecovacs and Plaintiff are not in

19 vertical privity of contract.  Third, Plaintiff does not allege a breach.  Finally, Plaintiff

20 failed to give Ecovacs notice of any defects to give Ecovacs an opportunity to cure

21 the defects within a reasonable time before filing suit.

22      The fourth, and last, claim for relief, alleging non-infringement of Ecovacs'

23 trademarks fails because there is no actual controversy.  Ecovacs does not intend to

24 sue Plaintiff as to vacuums it purchased from Ecovacs' distributor, NETi.

25      At this point, enough is enough.  For the above reasons, Plaintiff's entire SAC

26 should be dismissed with prejudice.

27 **II.    PROCEDURAL HISTORY**

28      On October 7, 2021, Plaintiff filed its original Complaint, asserting the

following claims for relief: (1) Declaratory Judgment for Trademark Non-Infringement; (2) Intentional Interference with Contractual Relationships; and (3) Injunctive Relief.[1] (Dkt. 1.)

On January 7, 2022, Defendant filed a motion to dismiss the second claim for intentional interference with contractual relationships on the grounds that Ecovacs' complaint to Amazon constituted protected speech under California's anti-SLAPP law. (Dkt. 12.)  On January 21, 2022, Plaintiff filed a First Amended Complaint, (Dkt. 16) to moot the motion to dismiss.  That same day, Plaintiff filed an opposition to Ecovacs' motion to dismiss, which did not challenge the merits of Ecovacs' motion to dismiss, but, merely stated that the motion is moot because Plaintiff amended its complaint. (Dkt. 17.)  On January 28, 2022, Ecovacs filed a reply brief stating that this Court should still rule on the merits of Ecovacs' motion to dismiss because California's anti-SLAPP case law provides that attorney fees are still recoverable when a plaintiff amends a complaint if the anti-SLAPP motion is meritorious, and Plaintiff did not oppose the merits of the motion. (Dkt. 18.)

Plaintiff's first amended complaint alleged the following claims for relief: (1) fraud and misrepresentation; (2) breach of express warranty; (3) breach of implied warranties; and (4) declaratory judgment for non-infringement of Ecovacs' trademarks.  Plaintiff omitted the claim for intentional interference with contractual relationships, on which Ecovacs filed an anti-SLAPP motion.[2]

On January 25, 2022, counsel for Ecovacs contacted Plaintiff by email stating that the first amended complaint was deficient because it failed to provide the details

---

[1] Ecovacs denies the claims in Plaintiff's original complaint.

[2] Plaintiff's factual allegations in the SAC and FAC are contradictory to those in the original complaint.  In the original complaint, Plaintiff claimed that Ecovacs caused Amazon to temporarily suspend Plaintiff's account, thereby causing Plaintiff lost profits because it could not sell the vacuums.  In the FAC and SAC, Plaintiff claims that Ecovacs damaged Plaintiff because the Ecovacs vacuums Plaintiff sold on Amazon were returned to Plaintiff at a high rate because they were defective.

1   of the claimed fraud, such as who made the allegedly false statements, and when and

2   how the statements were made.  In that email, Ecovacs also stated that the breach of

3   express warranty was subject to a motion to dismiss because it did not provide the

4   details of the claimed warranty such as the exact terms of the warranty, and that the

5   complaint does not include any details as to the number of units claimed to be under

6   the warranty, or whether Plaintiff attempted to make a warranty claim to Ecovacs.

7   Further, Ecovacs stated that it was evaluating other legal claims and reserved all rights

8   to move for dismissal on other grounds.  On January 27, 2022, the parties agreed that

9   Plaintiff would file a second amended complaint with additional factual allegations

10  and details in an attempt to avoid further motion practice.

11       On February 2, 2022, Plaintiff filed its Second Amended Complaint ("SAC"),

12  (Dkt. 21).  On February 6, 2022, Ecovacs informed Plaintiff that the complaint is still

13  deficient because fraud is not sufficiently pled.  Second, Ecovacs told Plaintiff that

14  Ecovacs' limited express warranty disclaims all implied warranties.  Third, it stated

15  that Plaintiff's claim for breach of express warranty cannot be cured because the

16  warranty is expressly issued to end users.  Nonetheless, Plaintiff's SAC still does not

17  allege any facts stating that Plaintiff made a warranty claim to Ecovacs prior to filing

18  suit, as required by law.

19       On February 11, 2022, Plaintiff responded to Ecovacs' email, maintaining that

20  its claim for fraud is adequately pled.  It also claimed that the basis for Plaintiff's

21  express warranty claim is the repeated statements by Ecovacs that the vacuum

22  cleaners were refurbished and that Ecovacs represented in its "end-user warranty" that

23  the vacuum cleaners were free from defects when used under normal conditions.

24  Plaintiff claimed that any affirmation made at the time of sale is treated as a warranty.

25  Finally, Plaintiff stated that Ecovacs' disclaimer of implied warranties is ineffective

26  because no notice was provided to Plaintiff of the disclaimer.  The parties meet and

27  confer efforts ended there and Ecovacs now brings this motion to dismiss.

28

1
2

### III.   SUMMARY OF ALLEGATIONS IN PLAINTIFF'S SECOND AMENDED COMPLAINT

3      As alleged in the SAC, Ecovacs is a manufacturer and provider of home

4  robotics products, including vacuum cleaners.   SAC, ¶ 18 (Dkt. 21).   Ecovacs'

5  vacuum cleaners bear the ECOVACS trademark.  *Id*., ¶ 19.

6      Plaintiff sells products on online marketplaces, such as Amazon.  *Id*., ¶ 38.

7  Plaintiff has sold Ecovacs' vacuum cleaners on Amazon.  *Id*.

8      New England Technology, Inc. ("NETi") distributes excess inventories for

9  manufacturers, and is authorized by Ecovacs to sell its vacuum cleaners.  *Id*., ¶ 21.

10      Between August 2019 and December 2020, Plaintiff purchased 8,000 Ecovacs

11  vacuum cleaners from NETi.  *Id*., ¶ 22.  Plaintiff purchased these vacuums over a span

12  of a year, over a seven-month period.  *Id*., ¶ 24.  Invoices for these purchases were

13  issued on or approximately August 5, 2019, December 10, 2019, February 29, 2020,

14  March 31, 2020, May 14, 2020, June 22, 2020, and December 10, 2020.  *Id.*  Plaintiff

15  does not allege that it purchased any vacuums from Ecovacs directly.

16      Prior to, and at the time that Plaintiff purchased the vacuums from NETi,

17  Ecovacs allegedly represented to Plaintiff that the vacuums were refurbished units

18  that were covered by a limited 90-day product warranty by Ecovacs to the end

19  consumer.  *Id*., ¶ 23.  The warranty provides that the vacuum cleaners would be free

20  from defects in materials and workmanship when used under normal conditions.  *Id*.

21      Plaintiff alleges that Ecovacs made these representations in two separate ways.

22  First, the representation was allegedly made through the seven invoices issued from

23  Plaintiff's distributor NETi, each time Plaintiff purchased Ecovacs' vacuums from

24  this distributor.  *Id*., ¶ 23.  Secondly, Plaintiff alleges that Ecovacs also made

25  representations about the refurbished nature of the vacuum cleaners directly to

26  Plaintiff through its National Sales Manager (Courtney Stecz) and its Head of Sales,

27
28

North America (Amy Cardona) via emails and telephone calls in and around mid-September 2019.[3]  *Id.*

Plaintiff also alleges that the representation that the Ecovacs vacuums were free from defects in material and workmanship "was reiterated thousands of times" through the inclusion of the "ECOVACS ROBOTICS - Ninety (90) Day Refurbished Product Limited Warranty" with each vacuum cleaner that expressly warranted that the vacuum cleaner "will be free from defects in materials and workmanship when used under normal conditions."  *Id.*, ¶ 26.  Plaintiff alleges that it received a high volume of returns because the vacuums that it purchased from NETi were not refurbished or adequately tested to verify functionality.  *Id.*, ¶ 32.

Plaintiff also claims to be a third-party beneficiary to Ecovacs' contract with Ecovacs' distributor, NETi.  *Id.*, ¶ 27.  However, Plaintiff does not allege any facts supporting that it is a third-party beneficiary.

Plaintiff admits that Ecovacs has exclusive rights in the ECOVACS mark in the United States, which include rights as an exclusive licensee to use and enforce violations of the ECOVACS mark including the right to initiate litigation against infringers.  *Id.*, ¶ 20.  Plaintiff alleges that the vacuums it purchased from NETi are authentic and that it is lawfully permitted to resell the Ecovacs' vacuums bearing the ECOVACS mark pursuant to the first sale doctrine.  *Id.*, ¶ 28.

Lastly, Plaintiff alleges that on or about September 23, 2021, Ecovacs submitted a complaint to Amazon reporting that Plaintiff listed counterfeit Ecovacs vacuums on Amazon.  *Id.*, ¶ 21.  Plaintiff does not allege whether it continues to sell Ecovacs vacuums on Amazon, or that it intends to sell them in the future.

---

[3] Ecovacs denies that it made any representations to Plaintiff as alleged in the SAC. In fact, Ecovacs has investigated the allegations in the SAC and has discovered that all of Plaintiff's claims are factually unsupported.  However, for the purposes of this motion, this Court should accept all of Plaintiff's allegations as true.

## IV.    LEGAL STANDARDS

### A.    Application of California Law

Federal courts sitting in California apply California substantive law when exercising supplemental jurisdiction over state law claims. *Cove USA LLC v. No Bad Days Enters., Inc.*, No. 8:20-cv-02314-JLS-KES, 2021 WL 3568251, at *2 (C.D. Cal. July 2, 2021) (citing *Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011)). The parties do not dispute that this court has supplemental jurisdiction over Plaintiff's state law claims alleged in the first, second, and third claim for relief.

### B.    Rule 12(b)(6) Legal Standards

A complaint should be dismissed if a plaintiff fails to plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). A complaint must set forth sufficient facts which, when taken as true, raise more than a speculative right to relief. *Id*. at 555. "[N]aked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

Although the court must accept as true all well pleaded allegations*, Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), it is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). "In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his/her right to relief 'above the speculative level.'" *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1134 (N.D. Cal. 2008) (citing *Twombly*, 555 U.S. at 555). A plaintiff must allege "enough facts to state a claim that

is plausible on its face," not just conceivable. *Twombly*, 555 U.S. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his claim." *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)). The court need not assume the validity of "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## C.     Rule 9 Legal Standards

Federal Rules of Civil Procedure Rule 9(b) imposes the requirement on plaintiffs to allege fraud with particularity. Rule 9(b) states that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

"In order to properly plead fraud with particularity, the complaint must allege the time, and content of the fraudulent representation such that a defendant can prepare an adequate response to the allegations." *In re Kimmel*, 324 F. App'x 550-51 (9th Cir. 2008). The heightened pleading standard is commonly cited as requiring the allegations to identify "the who, what, when, where, and how of the misconduct charged." *U.S. v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1167 (9th Cir. 2016); *see also Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

The Ninth Circuit in *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), made clear that: "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id*. As one court explained: "Fraud is a serious charge, easy to allege and hard to prove. The rules therefore require pleading with particularity. It must be clear from the beginning that the plaintiff has specific details of what happened, when, where, and to whom." *In re Doctors Hosp. of Hyde Park, Inc.*, 308 B.R. 311, 322 (Bankr. N.D. Ill. 2004). When

1    these details are missing, fraud claims are dismissed.  *Id.*

2         *Vess*, 317 F.3d at 1107, applied the heightened pleading requirement to find

3    that: "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b)

4    for failure to plead with particularity is the functional equivalent of a motion to

5    dismiss under Rule 12(b)(6) for failure to state a claim.  If insufficiently pled

6    averments of fraud are disregarded, as they must be, in a complaint or claim grounded

7    in fraud, there is effectively nothing left of the complaint.  In that event, a motion to

8    dismiss under Rule 12(b)(6) would obviously be granted.  Because a dismissal of a

9    complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the

10   same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules

11   are treated in the same manner."  *Vess* found that "it is established law in this and

12   other circuits that such dismissals are appropriate," citing cases throughout the nation.

13   *Id*.

14        **D.    Rule 8(a) Legal Standards**

15        Malice, intent, knowledge, and other conditions of a person's mind "may be

16   alleged generally."  *Odom v. Microsoft Corp*., 486 F.3d 541, 554 (9th Cir. 2007).

17   Allegations of intent must still satisfy the plausibility requirements of Rule 8(a).  *See*

18   *Eclectic Properties E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 995 n.5 (9th

19   Cir. 2014) ("[A]lthough the language of Rule 9 poses no barrier in itself to general

20   pleading of fraudulent intent, *Twombly* and *Iqbal's* pleading standards must still be

21   applied to test complaints that contain claims of fraud.").

22        Thus, under Rule 8(a), Plaintiff "must point to facts which show that defendant

23   harbored an intention not to be bound by terms of the contract at formation."  *UMG*

24   *Recordings, Inc. v. Glob. Eagle Entm't, Inc*., 117 F. Supp. 3d 1092, 1109-10 (C.D.

25   Cal. 2015); *see also Sherwin-Williams Co. v. JB Collision Servs., Inc*., Nos. 13-CV-

26   1946-LAB-WVG, 13-CV-1947-LAB-WVG, 2014 U.S. Dist. LEXIS 145950, at *27

27   (S.D. Cal. Oct. 10, 2014) ("[A]n action for deceit based on a false promise requires a

28   showing of specific intent; as a result, '[a] cause of action for a false promise should

plead facts to show the existence of two specific intentions of the promisor: an intention to cause the promisee to act by reason of the promise, and an intention at the time of the promise not to keep it.'")

Moreover, fraudulent intent cannot be inferred purely on a party's failure to perform its promises. *Tenzer v. Superscope, Inc.,* 39 Cal. 3d 18, 30 (1985). The California Supreme Court has held that "something more than nonperformance is required to prove the defendant's intent not to perform his promise." *Id*.[4]

### E.    Leave to Amend Should Be Denied When Futile

Although leave to amend may be given freely, it should not be given where, as here, amendment is futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Futile amendments should not be permitted, and futility can, by itself, justify the denial of a request for leave to amend. *U.S. Ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

## V.    THE FIRST CLAIM FOR RELIEF FOR "FRAUD AND MISREPRESENTATION" SHOULD BE DISMISSED

To plead fraudulent misrepresentation, Plaintiff must allege the following: (1) misrepresentation, (i.e., false representation, concealment, or nondisclosure); (2) knowledge of falsity, or scienter; (3) intent to defraud, (that is, to induce reliance); (4) justifiable reliance; and (5) resulting damage. *Miller v. Ghirardelli Chocolate Co*., 912 F. Supp. 2d 861, 875 (N.D. Cal. 2012). *Ashton v. J.M. Smucker Co.,* No. EDCV 20-992 JGB (SHKx), 2020 U.S. Dist. LEXIS 250428, at *34 (C.D. Cal. Dec. 16, 2020).

To state a valid claim, plaintiff "must show that Defendant's promises were

---

[4] The California Supreme Court has also cited to circumstantial evidence that may create an inference of fraudulent intent not to perform a promise: "fraudulent intent has been inferred from such circumstances as defendant's insolvency, his hasty repudiation of the promise, his failure even to attempt performance, or his continued assurances after it was clear he would not perform." *Id*. (citing Prosser, Torts § 109, pp. 764-65 (5th ed. 1984)).

1   made without any intention to perform." *R Power Biofuels, LLC v. Chemex LLC*, No.

2   16-CV-00716-LHK, 2017 U.S. Dist. LEXIS 47129, at *27 (N.D. Cal. Mar. 29, 2017).

3       Here, Plaintiff does not sufficiently plead intent, and leave to amend should not

4   be granted because this claim is also barred by the economic loss doctrine.

5   **A.    Plaintiff's Claim for Fraud and Misrepresentation is Barred by the**
    **Economic Loss Rule**

6

7       Plaintiff's claim for fraud and misrepresentation fails because it is not based on

8   facts independent from its second claim for breach of express warranty.  According

9   to the economic loss rule, "no tort cause of action will lie where the breach of duty is

10  nothing more than a violation of a promise which undermines the expectations of the

11  parties to an agreement." *Oracle USA, Inc. v. XL Global Servs.*, No. C 09-00537

12  MHP, 2009 U.S. Dist. LEXIS 59999, at *4 (N.D. Cal. Jul. 13, 2009); *see also*

13  *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) ("The

14  economic loss rule requires a purchaser to recover in contract for purely economic

15  loss due to disappointed expectations, unless he can demonstrate harm above and

16  beyond a broken contractual promise.").   In sum, to state a valid fraud and

17  misrepresentation claim, Plaintiff must allege "conduct . . . [that] violates a duty

18  independent of the contract arising from principles of tort law." *Erlich v. Menezes*,

19  21 Cal. 4th 543, 551 (Cal. 1999).

20      The purpose of the rule is to "prevent[ ] the law of contract and the law of tort

21  from dissolving one into the other." *Robinson Helicopter*, 34 Cal. 4th at 988 (internal

22  quotation marks and citation omitted).  To avoid the economic loss doctrine, the

23  tortious conduct must be "completely independent of the contract or arise[] from

24  conduct which is both intentional and intended to harm." *Id*. at 990.  "Where there

25  are well-developed contractual remedies, such as the remedies that the Uniform

26  Commercial Code (in force in all U.S. states) provides for breach of warranty of the

27  quality, fitness, or specifications of goods, there is no need to provide tort remedies

28  for misrepresentation." *Giles v. GMAC*, 494 F.3d 865, 876 (9th Cir. 2007) (quoting

1   *All Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 865-66 (7th Cir. 1999)).

2   Here, Plaintiff's claim for fraud and intentional misrepresentation is a mere

3   regurgitation of its second claim for breach of express warranty (i.e., that Ecovacs'

4   vacuums will work without defect when used in normal conditions for 90 days) (SAC,

5   ¶¶ 24-26)).  To plead fraud, Plaintiff alleges that "it was represented to Crown Cell

6   by Ecovacs, individually and through its authorized distributor, NETi" that the

7   vacuum cleaners were refurbished units that were covered by a limited product

8   warranty that the vacuum cleaners would be free from defects in materials when used

9   under normal conditions for 90 days.  (SAC, ¶ 23.)  **Plaintiff does not allege any**

10  **harm or misrepresentation beyond the fact that the refurbished vacuums it**

11  **purchased were not functioning like Plaintiff expected a refurbished vacuum to**

12  **perform.**  Thus, Plaintiff's first claim is barred by the economic loss rule because

13  Plaintiff does not allege a single misrepresentation that is *independent* from its breach

14  of express warranty claim.

15  Further, any claimed exceptions to the economic loss rule must be pled or they

16  are waived.  *See R Power Biofuels*, 2017 U.S. Dist. LEXIS 47129, at *18, n.2.

17  Plaintiff does not plead an exception to the economic loss rule in its SAC and therefore

18  waives exceptions.

19  In sum, this court should dismiss Plaintiff's first claim with prejudice without

20  leave to amend because the claim is barred by the economic loss doctrine as a matter

21  of law.

22  **B.  Plaintiff's Claim for Fraud and Misrepresentation Fails to**
23  **Sufficiently Plead "Intent"**

24  Plaintiff also failed to plead any facts showing Ecovacs had an intent to defraud

25  Plaintiff.  Under Rule 8(a), Plaintiff "must point to facts which show that defendant

26  harbored an intention not to be bound by terms of the contract at formation."  *UMG*

27  *Recordings*, 117 F. Supp. 3d at 1109-10; *see also Sherwin-Williams*, 2014 U.S. Dist.

28  LEXIS 145950, at *27.

1    As explained above, nonperformance alone will not support a finding of fraud.
2    *See Tenzer*, 39 Cal.3d at 30 ("something more than nonperformance is required to
3    prove the defendant's intent not to perform his promise"); *see also Mat-Van, Inc. v.*
4    *Sheldon Good & Co. Auctions, LLC*, No. 07-CV-912 - IEG (BLM), 2007 U.S. Dist.
5    LEXIS 54876, at *19 (S.D. Cal. July 27, 2007) ("In the instant case, the only
6    allegations in the complaint that could demonstrate defendants' fraudulent intent are
7    claims that defendant ultimately did not perform the material terms of the contract.
8    Plaintiffs' reliance on nonperformance as circumstantial evidence of defendants'
9    fraudulent intent at the time of contract formation is misplaced"); *Sunnyside Dev. Co.,*
10   *LLC v. Opsys Ltd.*, No. C 05-0553 MHP, 2005 U.S. Dist. LEXIS 39303, at *17-18
11   (N.D. Cal. Aug. 8, 2005) ("[T]he mere fact that a party breaches a promise to perform
12   a condition of contract is as a matter of law insufficient to give rise to an inference
13   that the breaching party acted with fraudulent intent at the time that the promise was
14   made"); *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1153-54 (S.D. Cal. 2001)
15   (merely alleging that defendant breached a contract did not adequately plead that it
16   entered into the agreement with no intent to perform).

17   In the SAC, Plaintiff's fraud and misrepresentation claim merely recites the
18   elements of the claim, without more.  Plaintiff alleges that the vacuums sold by
19   Ecovacs were not refurbished as warranted, that Plaintiff relied on Ecovacs'
20   representation that they were refurbished when it purchased them from NETi, and
21   alleges that Ecovacs always knew that the vacuums were not refurbished.  (Dkt. 21 at
22   50-52.)  Plaintiff does not plead any facts that support an inference that Ecovacs acted
23   with intent to defraud Plaintiff or that it never intended to sell non-defective,
24   refurbished vacuums to NETi.  Plaintiff's claim for fraud and misrepresentation
25   therefore fails.

26
27
28

## VI.   THE SECOND CLAIM FOR RELIEF FOR BREACH OF EXPRESS WARRANTY SHOULD BE DISMISSED

California Commercial Code § 2313(1)(a) explains that the term "express warranty" covers "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."  Such warranties apply to "transactions in goods."  *See* Cal. Comm. Code § 2102; *see also* Cal. Civ. Code § 1791.2(a)(1) (defining "express warranty" as "[a] written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or to provide compensation if there is a failure in utility or performance").

"An express warranty is a term of the parties' contract."  *Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 978 (C.D. Cal. 2014) (citing *A.A. Baxter Corp. v. Colt Industries, Inc.*, 10 Cal. App. 3d 144, 153 (1970)).

The elements for a breach of express warranty claim are: (1) that the seller made statements that constituted an "affirmation of fact or promise" or a "description of the goods"; (2) that the statement was "part of the basis of the bargain"; and (3) that the warranty was breached.  *Cal. U. Com. Code* Section 2313.

In particular, "a plaintiff must allege: (1) the exact terms of the warranty, (2) reasonable reliance thereon, and (3) a breach of warranty which proximately caused plaintiff's injury."  *Baltazar v. Apple, Inc.*, No. CV-10-3231-JF, 2011 U.S. Dist. LEXIS 13187, at *5 (N.D. Cal. Feb. 10, 2011) (citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986)); *Hauck v. Advanced Micro Devices, Inc.*, No. 18-CV-00447-LHK, 2018 U.S. Dist. LEXIS 185070, at *20 (N.D. Cal. Oct. 29, 2018).

In order to plead the exact terms of the warranty, the plaintiff must "identify a specific and unequivocal written statement about the product that constitutes an

explicit guarantee." *Hadley v. Kellogg Sales Co*., 273 F. Supp. 3d 1052, 1092 (N.D. Cal. 2017) (internal quotations omitted); *Hauck,* 2018 U.S. Dist. LEXIS 185070, *20. This requires alleging facts constituting the "'specifics' about what the warranty statement was, and how and when it was breached." *T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015) (quoting *Minkler*, 65 F. Supp. 3d at 816-17).

Here, Plaintiff alleges that each Ecovacs vacuum cleaner that it purchased included a limited 90-day express warranty providing that the vacuum cleaner "will be free from defects in materials and workmanship when used under normal conditions." (SAC, ¶ 23.) Plaintiff alleges that many of the vacuums were defective, but does not allege when Ecovacs breached the express warranty. *Id.,* ¶ 31.

### A.   Merely Alleging that the Vacuums Were Not Free From Defects Does Not Constitute a Breach of Warranty Under the Law

Plaintiff alleges that the vacuums were not free from defects as allegedly promised in Ecovacs' limited express warranty and therefore Ecovacs breached its warranty. (SAC, ¶¶ 58-61.) Even if the vacuums were not free from defects, that fact alone does not give rise to a breach of express warranty claim. *Kent v. Hewlett-Packard Co.*, No. 09-5341 JF PVT, 2010 U.S. Dist. LEXIS 76818, at *14-15 (N.D. Cal. July 6, 2010) (finding that limited warranty language that laptop would be "free from defects" did not mean that "recurring failures" in laptop would be considered as breaches of the limited warranty because HP did not warrant that the laptop's operation would be "uninterrupted or error-free").

The plaintiff in *Kent* brought a breach of express warranty claim after it discovered that the laptops it purchased from the defendant were not defect free. *Id*. The *Kent* court explained that "HP is not liable for breach of express warranty merely because a product manifests recurring failures during the warranty period. Rather, the question is whether Plaintiffs sought repairs, refunds, or replacements and, if so, whether HP responded appropriately under the warranty." *Id*. at *15-16.

Similarly, in *Ferranti v. Hewlett-Packard Co.*, the court considered a breach of express warranty claim to be premised not on the "defect-free" language of the warranty, but rather on whether the defendant responded appropriately in remedying any problems with the product.   No. 13-cv-03847 EJD, 2014 U.S. Dist. LEXIS 131249, at *17 (N.D. Cal. Sept. 16, 2014) ("HP argues that its one-year limited warranty is a warranty for repairing and replacing the product, not a promise that the use of the printer will be uninterrupted and error free.").

Here, in its first amended complaint, Plaintiff did not allege that it made a warranty claim to Ecovacs after it allegedly discovered that the vacuums had recurring failures and were thus not defect free.   Counsel for Ecovacs met and conferred with Plaintiff's counsel about this deficiency in the FAC.   Plaintiff then filed its SAC, which still does not allege that it made a warranty claim to Ecovacs.   As explained above, Plaintiff does not state a viable claim for breach of express warranty as a matter of law by simply alleging that the vacuums it purchased from NETi were defective.

**B.     Plaintiff is also Barred from Bringing this Claim Because it Did Not Provide any Notice to Ecovacs or Give Ecovacs an Opportunity to Cure**

The California Commercial Code § 2607 provides "a 'buyer must, within a reasonable time after he discovers or should have discovered any breach [of warranty], notify the seller of breach or be barred from any remedy.'"  *Minkler*, 65 F. Supp. 3d at 817 (quoting Cal. Com. Code § 2607); *see also* Cal. Com. Code § 2607(3)(A).   The Ninth Circuit has explained that " [t]o avoid dismissal of a breach of contract or breach of warranty claim in California, '[a] buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach.'"  *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) (citation omitted).

The purpose of providing such pre-suit notice is "to allow the defendant opportunity for repairing the defective item, reducing damages, avoiding defective products in the future, and negotiating settlements.   The notice requirement also

protects against stale claims." *Pollard v. Saxe & Yolles Dev. Co.*, 12 Cal. 3d 374, 380 (Cal. 1974); *accord Alvarez*, 656 F.3d at 932 ("The purpose of giving notice of breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court.").

Nowhere in the SAC does Plaintiff allege that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach.  For this reason alone, its breach of express warranty claim fails to state a claim.

## VII.   THE THIRD CLAIM FOR RELIEF FOR BREACH OF IMPLIED WARRANTIES SHOULD BE DISMISSED

Plaintiff's third claim for breach of implied warranties seems to allege two types of implied warranties were breached: the implied warranty of merchantability and the implied warrant of fit for particular purpose.

"The implied warranty of merchantability arises by operation of law rather than contract." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 925 (N.D. Cal. 2018) (citing *Hauter v. Zogarts*, 14 Cal. 3d 104 (1975)).  The implied warranty guarantees not that the goods "precisely fulfill the expectation of the buyer," but instead that the goods meet "a minimum level of quality." *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995) (citation omitted).  "The core test of merchantability is fitness for the ordinary purpose for which such goods are used." *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303 (2009) (citation omitted).

To state a claim for a breach of the implied warranty of fitness for a particular purpose, a plaintiff must allege "(1) the purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the seller at the time of contracting has reason to know that the buyer is relying on such skill and judgment." *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 U.S. Dist.

LEXIS 34164, at *58 (N.D. Cal. Mar. 15, 2016) (quoting *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1021 (N.D. Cal. 2014)).

Plaintiff's breach of implied warranties claim fails for four reasons.  First, the Limited Warranty alleged in the Complaint supersedes any implied warranty.  Where the contract sets out a remedy, and "the remedy is  expressly agreed to be exclusive," then it is the "sole  remedy."  Cal. Com. Code § 2719(1)(b).  Second,  Ecovacs expressly disclaimed all implied warranties in its Limited Ninety (90) Day Warranty.  Third, the parties are not in vertical privity of contract.  Finally, Plaintiff does not allege a breach and did not give Ecovacs notice of the alleged defects to give Ecovacs an opportunity to repair or replace the vacuums, as promised in its limited warranty.

A.     **The Court May Take Judicial Notice of the Ecovacs Limited Warranty**

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).

Hence, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quotation marks and citation omitted).  "But a court cannot take judicial notice of disputed facts contained in such public records."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Here, the parties do not dispute the terms of Ecovacs' limited express warranty. (*See* Ex. 1 to Defendant's Request for Judicial Notice.)  However, Plaintiff does not include the full terms of Ecovacs' limited warranty or attach it as an exhibit to its Complaint.  For this reason, Ecovacs requests the Court to take judicial notice of the full terms of the limited warranty.

1      During the parties meet and confer efforts, Ecovacs informed Plaintiff that

2    Ecovacs' limited warranty disclaims all implied warranties by law.  Plaintiff does not

3    dispute the terms of the disclaimed warranties, but maintains that it still has a claim

4    for implied warranties because Plaintiff never had notice of the disclaimer.  Ecovacs

5    requests this Court to take judicial notice of the Ecovacs' limited warranty which

6    includes a disclaimer of implied warranties, which placed Plaintiff on notice.

7    Ecovacs' limited warranty is referenced in the Complaint and the Court should

8    consider the full text of the warranty in deciding this Motion.  *See Khoja*, 899 F.3d at

9    999.  For the court's ease of reference, the text of the Ecovacs 90-Day Limited

10   Warranty is reproduced below in pertinent part:

11                 **"Ninety (90) Day Refurbished Product Limited Warranty**

12           CERTIFIED REFURBISHED PRODUCTS Limited Warranty –

13           ECOVACS Robotics, Inc. warrants you, the original purchaser, that the

14           ECOVACS product that you purchased will be free from defects in

15           materials and workmanship when used under normal conditions for

16           three (3) months from the product purchase date. This Limited

17           Warranty applies only to certified refurbished products purchased and

18           used in the United States and Canada. Some states/jurisdictions do not

19           allow limitations on the duration of an implied warranty, so the above

20           limitation may not apply to you.

21           NO OTHER WARRANTIES – ECOVACS Robotics, Inc. does

22           not warrant the functions contained in the ECOVACS product will meet

23           your requirements. The entire risk as to the quality and performance of

24           the ECOVACS product is with you. To the maximum extent permitted

25           by applicable law, ECOVACS Robotics, Inc. and its suppliers disclaim

26           all other warranties, either express or implied, including, but not limited

27           to, implied warranties of merchantability and fitness for a particular

28           purpose, with regard to the ECOVACS product and the accompanying

written materials. This Limited Warranty gives you specific legal rights. You may have others which vary between states/jurisdictions."

*See* Ex. A to Ecovacs' Request for Judicial Notice.

**B.    Ecovacs Expressly Disclaims Implied Warranties**

During the parties' meet and confer efforts, Plaintiff asserted that Ecovacs' disclaimer of implied warranties do not apply to Plaintiff because Plaintiff never had notice of the disclaimer.   This is irrelevant because Ecovacs' "limited" express warranty supersedes any implied warranty.   Where the   contract sets out a remedy, and "the remedy is expressly agreed to be exclusive," then it is the "sole   remedy." Cal. Comm. Code § 2719(1)(b).  Here, the sole remedy available to Plaintiff is to have the vacuums repaired or replaced.  Plaintiff did not seek any of the available remedies from Ecovacs before filing this lawsuit.  More, the full terms of Ecovacs' limited warranty reveal any claims for breach of implied warranties are disclaimed by law.

**C.    Plaintiff Cannot Claim Breach of Warranty Because it is Not in Privity of Contract with Ecovacs.**

In California, "'[t]he general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.'"  *H.L. v. Wal-Mart Stores, Inc*., No. EDCV 15-1056 JGB (KKx), 2015 U.S. Dist. LEXIS 199452, at *21-22 (C.D. Cal. Sept. 9, 2015) (citing *In re Clorox Consumer Litig*., 894 F. Supp. 2d 1224, 1236 (N.D. Cal. 2012), quoting *Burr v. Sherwin Williams Co*., 42 Cal. 2d 682, 695 (Cal. 1954)).

California courts have recognized several exceptions to this rule, *see Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1023 (9th Cir. 2008).  Plaintiff asserts one of the exceptions in its SAC.  Specifically, the relevant exception is applicable "where the purchaser of a product relied on representations made by the manufacturer in labels or advertising material" and the plaintiff brings his breach of warranty claim pursuant to "the theory of express warranty."  *Burr*, 42 Cal. 2d 696.  Here, Plaintiff

alleges that it relied on Ecovacs' representation that the vacuums were warranted to work for 90 days or Ecovacs would replace or repair the defect.

However, the exception does not apply to claims for breach of implied warranties.  The privity exception based on representations appearing on labels and in advertising is not applicable to claims for breach of implied warranty.  *H.L.*, 2015 U.S. Dist. LEXIS 199452, at *23 (dismissing claims for implied warranties for lack of vertical privity between plaintiff and the manufacturer because the plaintiff purchased the product from a reseller).

Plaintiff does not allege that it is a party to Ecovacs' contract with Ecovacs' distributor, NETi, or allege that it is a named party to Ecovacs' contract with NETi. Since the parties are not in vertical privity here, Plaintiff cannot state a claim for breach of implied warranties as a matter of law.

> **D.** **Plaintiff Did Not Give Reasonable Notice to Ecovacs that its Vacuums Were Defective to Give Ecovacs an Opportunity to Cure**

Like its second claim for relief, Plaintiff's third claim for breach of implied warranties fails because Plaintiff never gave Ecovacs any notice that it breached any implied warranties, let alone the reasonable notice that is required by law.  *Grausz v. Kroger Co.*, No. 19-CV-449 JLS (AGS), 2020 U.S. Dist. LEXIS 260667, at *35 (S.D. Cal. Mar. 3, 2020) (dismissing plaintiff's claims for breach of express and implied warranties because plaintiff did not allege that she satisfied the notice requirement under California Commercial Code § 2607).

## VIII. THE FOURTH CLAIM FOR DECLARATORY JUDGMENT OF NO TRADEMARK COUNTERFEITING SHOULD BE DISMISSED

Plaintiff's fourth claim for declaratory judgment of no trademark counterfeiting fails to allege a substantial controversy between the parties.  Ecovacs allegedly submitted one complaint to Amazon that Plaintiff sold counterfeit Ecovacs products. Amazon allegedly temporarily suspended Plaintiff's Amazon account and Ecovacs did not submit any other complaints to Amazon since then.  This single instance does

1   not show that Ecovacs is prepared to enforce its rights on Plaintiff.  Further, Ecovacs

2   is informing Crown Cell now, here in this written brief, that it will not sue Plaintiff

3   for trademark infringement as to the vacuums it purchased from NETi on all the dates

4   alleged in the SAC.  *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1124

5   (N.D. Cal. 2007) (dismissing declaratory relief action of no patent infringement,

6   where, as here, allegedly accusing party provided covenant not to sue).  The facts here

7   are similar to those in *Crossbow*.  Ecovacs, like the defendant in *Crossbow*, has stated

8   in writing that it will not sue Crown Cell for trademark infringement as to any Ecovacs

9   refurbished vacuums that it purchased from NETi on the dates alleged in the SAC.

10  The result here should therefore also be the same. Thus, due to the lack of any other

11  actual controversy, this Court should dismiss the declaratory relief claim with

12  prejudice.

13  **IX.    CONCLUSION**

14  For the foregoing reasons, Ecovacs respectfully requests that the Court dismiss

15  Plaintiff's Second Amended Complaint in its entirety without leave to amend.

16

17  Dated:  March 4, 2022          Respectfully submitted,

18                                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

19

20                                 By _____
                                          /s/ Laura L. Chapman

21                                        LAURA L. CHAPMAN
                                          SOFYA ASATRYAN

22

23                                 Attorneys for Defendant
                                   Ecovacs Robotics, Inc.

24

25

26

27

28