SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LAURA L. CHAPMAN, Cal. Bar No. 167249
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:  415.434.3947
E mail        lchapman@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SOFYA ASATRYAN, Cal. Bar No. 327482
12275 El Camino Real, Suite 100
San Diego, CA  92130-4092
Telephone:  858.720,8900
Facsimile:  858. 509-3691
Email:         sasatryan@sheppardmullin.com

Attorneys for Defendant
Ecovacs Robotics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWN CELL INC., <br><br> Plaintiff, <br><br> v. <br><br> ECOVACS ROBOTICS, INC. <br><br> Defendant. | Case No.3:21-cv-07890-SI <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT ECOVACS ROBOTICS, INC.'S MOTION TO DISMISS CROWN CELL INC.'S SECOND AMENDED COMPLAINT** <br><br> Date:    May 20, 2022 <br> Time:   10:00 a.m. <br> Crtrm.:  1 <br><br> The Honorable Susan Illston <br><br> Complaint Filed:    October 7, 2021 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................... 2

    A. Plaintiff's First Claim for Relief for Alleged Fraud Fails to State a Claim ............................................................................................................... 2

        1. The Fraud Claim Is Barred by the Economic Loss Rule .............. 2

            a. The "Factory Refurbished" Representation Does Not Avoid the Economic Loss Rule ............................................ 2

            b. Whether The Warranty Is Made to the "Original Purchaser" or to Plaintiff Is Irrelevant and Does Not Avoid the Economic Loss Rule ......................................... 3

            c. Plaintiff Failed to Plead Any Exception to the Economic Loss Rule .............................................................. 4

            d. Plaintiff Misrepresents the Holding in *Robinson* ............... 4

        2. Plaintiff Fails to Sufficiently Plead Intent and Its Naked, Conclusory Allegation is Contradicted by the Facts ..................... 5

        3. Plaintiff Fails to Plead Reliance on the Alleged Fraud ................ 6

    B. The Second Claim for Breach of Express Warranty Fails Because Ecovacs Did Not Breach any Warranty and Plaintiff Did Not Avail Itself Of the Warranty That Ecovacs Provided ...................................... 7

        1. Plaintiff Cannot Avoid the Warranty, Which Defendant Did Not Breach ................................................................................ 7

        2. Leave to Amend Should Be Denied .......................................... 10

    C. The Third Claim for Breach of Implied Warranty Fails ....................... 11

    D. Ecovacs Sufficiently Mooted Plaintiff's Declaratory Judgment of Non-Infringement of Trademarks ......................................................... 13

III. CONCLUSION ......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

Federal Cases

*Already, LLC v. Nike, Inc.*
    568 U.S. 85 (2013) .................................................................................................. 13, 14

*Am. Diabetes Ass'n v. United States Dep't of the Army*
    938 F.3d 1147 (9th Cir. 2019) ....................................................................................... 13

*Am. Title Ins. Co. v. Lacelaw Corp.*
    861 F.2d 224 (9th Cir. 1988) ......................................................................................... 13

*Barnes & Noble, Inc. v. LSI Corp.*
    849 F. Supp. 2d 925 (N.D. Cal. 2012) ............................................................................ 5

*Davidson v. Apple, Inc.*
    No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ............ 12

*Huntzinger v. Aqua Lung Am., Inc.*
    No. 15cv1146-WQH-AGS, 2018 U.S. Dist. LEXIS 3222 (S.D. Cal. 2018) ..... 12

*Klinger v. Conan Doyle Estate, Ltd.*
    755 F.3d 496 (7th Cir. 2014) ......................................................................................... 13

*Long v. Hewlett-Packard Co.*
    No. C-06-02816 JW, 2007 U.S. Dist. LEXIS 79262
    (N.D. Cal. July 27, 2007) ........................................................................................... 8, 9

*Minkler v. Apple, Inc.*
    65 F. Supp. 3d 810 (N.D. Cal. 2014) ...................................................................... 10, 12

*R Power Biofuels, LLC v. Chemex LLC*
    No. 16-CV-00716-LHK, 2017 U.S. Dist. LEXIS 47129, at *18 n.2
    (N.D. Cal Mar. 29, 2017) ................................................................................................ 4

*Resnick v. Hyundai Motor Am., Inc.*
    No. CV 16-00593-BRO, 2017 U.S. Dist. LEXIS 67525
    (C.D. Cal. Apr. 13, 2017) .................................................................................... 6, 7, 8

*Smith v. LG Elecs. U.S.A., Inc.*
    No. C 13-4361 PJH, 2014 U.S. Dist. LEXIS 31577
    (N.D. Cal. Mar. 11, 2014), 83 U.C.C. Rep. Serv. 2d .......................................... 8

*T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*
    83 F. Supp. 3d 855 (N.D. Cal. 2015) .................................................................... 9

*Tabak v. Apple, Inc.*
    No. 19-cv-02455-JST, 2020 U.S. Dist. LEXIS 252680
    (N.D. Cal. Jan. 30, 2020) ................................................................................... 10

<u>State Cases</u>

*Hauter v. Zogarts*
    14 Cal. 3d 104 (1975) .......................................................................................... 9

*Robinson Helicopter Co., Inc. v. Dana Corp.*
    34 Cal. 4th 979 (2004) ..................................................................................... 4, 5

*Seely v. White Motor Co.*
    63 Cal. 2d 9 (1965) .............................................................................................. 9

<u>State: Statutes, Rules, Regulations, Constitutional Provisions</u>

California Commercial Code
    § 2316(1) ................................................................................................ 1, 7, 8, 10
    § 2719(1)(b) ....................................................................................................... 11

## I. INTRODUCTION

Plaintiff failed to comply with the terms of Ecovacs' written limited warranty, which cannot be cured by "amendment." Knowing this, Plaintiff seeks to evade the limitations set forth in Ecovacs' written warranty by alleging that Ecovacs and NETi made representations outside of the written warranty.[1] Regardless, as a matter of law, such representations must be read to be consistent with and therefore subject to the limitations in the written warranty. Cal. Comm. Code § 2316(1) ("[w]ords or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as *consistent with each other* ….") (emphasis added).

Second, Plaintiff argues that it sufficiently alleged that it is a third-party beneficiary to Ecovacs' contract with its distributor, NETi. Plaintiff's breach of implied warranty claim fails because its exclusive remedy is under Ecovacs' written limited warranty. The written warranty conspicuously disclaims any and all implied warranties. Plaintiff does not dispute this in its Opposition. Thus, Plaintiff cannot claim that Ecovacs breached any warranty, as a matter of law.

Third, Ecovacs argues that it sufficiently pled intent for its fraud claim because it alleged, in conclusory terms, that Ecovacs acted with "the intent to deceive." Such general allegation is not enough. Ecovacs cited cases mandating dismissal of fraud claims where plaintiff fails to allege facts beyond mere nonperformance. Plaintiff's Opposition does not distinguish any of these cases. Plaintiff's exhibits also demonstrate that only 412 vacuums out of the alleged 8,000 purchased were defective and not refunded. This undisputed fact also negates the plausibility of Plaintiff's allegation of fraudulent intent under the *Iqbal / Twombly* standard.

---

[1] Plaintiff argues that Ecovacs' Opening Brief misrepresents Plaintiff's allegations to the Court by omitting these additional representations. This is mere bluster. As a matter of law, those alleged representations are also subject to the limitations set forth in the written warranty.

Fourth, Plaintiff's fraud claim is barred by the economic loss rule as explained in Ecovacs' Opening Brief. (Dkt. 28 at 10, Section V.A.)

Moreover, Ecovacs' promise not to sue and judicial admission that it does not intend to sue Plaintiff for the vacuums it purchased on the dates alleged in the SAC compels the dismissal of Plaintiff's claim for declaratory judgment of non-infringement of trademarks, as there is no live controversy.

## II.   ARGUMENT

### A.   Plaintiff's First Claim for Relief for Alleged Fraud Fails to State a Claim

#### 1.   The Fraud Claim Is Barred by the Economic Loss Rule

##### a.   The "Factory Refurbished" Representation Does Not Avoid the Economic Loss Rule

As explained in Ecovacs' opening brief, Plaintiff's first claim for relief alleging fraud is barred by the economic loss rule because Plaintiff does not allege a single misrepresentation that is independent from its breach of express warranty claim.

Plaintiff acknowledges that Ecovacs provided the following written Ninety (90) Day Refurbished Product Warranty (the "Warranty"):



**ECOVACS ROBOTICS**

**Ninety (90) Day Refurbished Product Limited Warranty**

CERTIFIED REFURBISHED PRODUCTS Limited Warranty - ECOVACS Robotics, Inc. warrants to you, the original purchaser, that the ECOVACS product that you purchased will be free from defects in materials and workmanship when used under normal conditions for three (3) months from the product purchase date. This Limited Warranty applies only to certified refurbished products purchased and used in the United States and Canada. Some states/jurisdictions do not allow limitations on the duration of an implied warranty, so the above limitation may not apply to you.

PROOF OF PURCHASE - To make a claim under our Refurbished Products Limited Warranty, you must first show us the date on which you purchased the ECOVACS product. Your bill of sale or similar document is sufficient. If you are unable to show us the original date of purchase, the time periods in this Limited Warranty will start on the date we shipped your ECOVACS product from our factory.

EXCLUSIONS This Refurbished Limited Warranty does not cover defects or damages caused by (1) alterations not approved by us, improper repairs or service, or use of improper parts and accessories not supplied by us; (2) misuse or failure to follow the operating instructions, and failure to perform recommended maintenance; (3) parts that must be replaced periodically; or (4) use in any other manner than normal and expected use.  (5) This Limited Warranty does not apply to accessories and other consumable items, such as filters or brushes.

As shown above, the Warranty applies to "refurbished" products. Yet, Plaintiff attempts to circumvent dismissal by arguing that Ecovacs made a representation to Plaintiff that the products were "factory refurbished." (Dkt. 33 at 6.) As shown above, the "factory refurbished" representation is obviously not independent from the written warranty; indeed, that warranty is called the "Ecovacs Ninety (90) Day **Refurbished** Product Limited Warranty."

### b. Whether The Warranty Is Made to the "Original Purchaser" or to Plaintiff Is Irrelevant and Does Not Avoid the Economic Loss Rule

Plaintiff contends that this case should go forward because it is unclear if the Warranty extended to Plaintiff. (Dkt. 33 at 17) ("Who is the "original purchaser for purposes of application of the terms of the warranty is unclear because that term is not defined in the Limited Warranty"). This argument is incorrect and irrelevant. As conspicuously stated in the Warranty, a purchaser of the product can make a claim under the Warranty if it provides proof of purchase. As shown above, the warranty states, "To make a claim under our Refurbished Products Limited Warranty, you must first show us the date you purchased the Ecovacs product. Your bill of sale or similar document is sufficient. If you are unable to show us your original date of purchase, the time periods in this Limited Warranty will start on the date we shipped your Ecovacs product from our factory." (Dkt. 28-2, Exh. A to Ecovacs' RJN.)

Despite the clear terms of the Warranty, Plaintiff never availed itself of its exclusive remedies set forth therein. Instead, on June 19, 2020, Plaintiff sought refunds from Ecovacs through NETi. (Dkt 33-3, Exh. 1 to Opposition.) Ecovacs rejected Plaintiff's refund request and stood behind the Warranty, informing Plaintiff that the "limited warranty should mitigate the need for returns." (Dkt 33-1, Exh. 3 to Opposition, at 4.) Plaintiff never responded to avail itself of the Warranty coverage. Plaintiff is now prohibited by the economic loss rule from pleading a "fraud" claim when the claimed fraud is no different than the contents of the Warranty, and Plaintiff failed to avail itself of the Warranty during the warranty period or at any time.

### c. Plaintiff Failed to Plead Any Exception to the Economic Loss Rule

As stated in Ecovacs' Opening Brief, Plaintiff does not allege any harm or misrepresentation beyond the fact that the refurbished vacuums it purchased were non-functional and failed to meet Plaintiff's expectations. (Dkt. 28 at 11:9-12.) Plaintiff's first claim is barred by the economic loss rule because Plaintiff does not allege a single misrepresentation that is independent from its breach of express warranty claim. While there are exceptions to the economic loss rule, Plaintiff must allege an applicable exception in the pleadings, otherwise any claimed exceptions to the economic loss rule are waived. *Id.* at 11:15-18, citing *R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2017 U.S. Dist. LEXIS 47129, at *18 n.2 (N.D. Cal Mar. 29, 2017).

***Plaintiff does not dispute that it failed to plead any claimed exceptions to the economic loss rule***. Thus, as a matter of law, Plaintiff waived any applicable exceptions. *Id.* Nor does Plaintiff contend that it can fix this deficiency in its request for leave to amend (and it cannot). This alone justifies the dismissal of plaintiff's first claim for relief for alleged fraud and misrepresentation.

### d. Plaintiff Misrepresents the Holding in *Robinson*

Citing only one case, *Robinson*, Plaintiff asserts that the economic loss rule does not bar its fraud and misrepresentation claim. Plaintiff, however, grossly misrepresents *Robinson* in its Opposition.

The plaintiff in *Robinson* manufactured helicopters and defendant manufactured a part for helicopters called a sprang clutch. Plaintiff purchased these clutches from defendant. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 985 (2004). The contract specified the hardness of the clutches because plaintiff, as an aircraft manufacturer, was required to obtain a "type certificate" from the Federal Aviation Administration (FAA). *Id*. The type certificate requires that every aircraft is made pursuant to specifications in the certificate. *Id*. Any proposed

changes must first be submitted to and approved by the FAA. *Id*. The FAA issued Plaintiff a certificate for his helicopter models, which specified that the clutches were required to have a particular level of hardness to assure their integrity. *Id*.

At first, defendant supplied plaintiff with clutches that conformed. *Id*. Defendant, however, subsequently and knowingly supplied nonconforming clutches. *Id*. at 986. Defendant intentionally withheld the fact that it changed its process for manufacturing clutches. *Id*. Defendant also made affirmative misrepresentations to plaintiff, i.e., by providing plaintiff with written certificates stating that clutches were manufactured in conformance with plaintiff's written specifications, which prohibited unapproved changes in defendant's manufacturing process. *Id*.

The court in *Robinson* held that plaintiff was not barred by the economic loss rule because defendant's misrepresentation (false certificates) was separate from the contract breach (failing to provide conforming clutches). *Id*. at 991. The FAA also required plaintiff to conduct an investigation on the high failure rate of its helicopters, which forced plaintiff to incur significant expenses, and defendant thereby exposed plaintiff to personal damages that were independent from plaintiff's economic loss. *Id*. Fearing that its decision may open the floodgates to future litigation, the *Robinson* court cautioned: "Our holding today is narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss." *Id*. at 993.

Unlike in *Robinson,* Plaintiff does not allege that it suffered damages independent of its economic loss. Indeed, Plaintiff only claims economic loss due to the allegedly defective vacuums.

    **2.    Plaintiff Fails to Sufficiently Plead Intent and Its Naked, Conclusory Allegation is Contradicted by the Facts**

Plaintiff relies on a single case, *Barnes & Noble*, for its argument that it sufficiently pled intent. *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925 (N.D.

Cal. 2012). But that case is a patent case, not a contract case. Ecovacs' Opening Brief cited to numerous cases where courts have found that merely alleging that defendant breached a contract does not give rise to an inference that the breaching party acted with fraudulent intent. *See* Opening Brief, at 11:24-12:16. Plaintiff does not even attempt to distinguish these cases in its Opposition.

Plaintiff's claim for fraud and misrepresentation is also implausible under the *Iqbal / Twombly* standard. Plaintiff concedes in its Opposition that only 412 vacuums out of the 8,000 vacuums that it purchased (or approximately 5%) were not in a refurbished condition. (Dkt. 33 at 11:9-12.) This fact contradicts the plausibility of Plaintiff's claim that Ecovacs never intended to sell non-refurbished vacuums.

### 3. Plaintiff Fails to Plead Reliance on the Alleged Fraud

To state a claim for fraudulent concealment, one element that the plaintiff must establish is that it was "unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact." *Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593-BRO (PJWg), 2017 U.S. Dist. LEXIS 67525, at *52 (C.D. Cal. Apr. 13, 2017). Here, Plaintiff alleges that it purchased 8,000 vacuums over the span of 13 months, spread over seven invoices. Plaintiff's Opposition reveals for the first time that it cannot dispute that it discovered the defective condition of the purchased vacuums at least halfway into the 13-month period. (Dkt. 33 at 11:9-12 ("beginning in June 2020, via email to Defendant's distributor, Plaintiff identified issues with 412 Ecovacs vacuums including complaints from end consumers that Ecovacs was not honoring its warranty").) The fact that Plaintiff continued to purchase the products in large quantities over more than a year makes its reliance claim implausible under the *Iqbal / Twombly* standard.

**B.     The Second Claim for Breach of Express Warranty Fails Because Ecovacs Did Not Breach any Warranty and Plaintiff Did Not Avail Itself Of the Warranty That Ecovacs Provided**

   **1.     Plaintiff Cannot Avoid the Warranty, Which Defendant Did Not Breach**

Plaintiff disputes that its claim for breach of express warranties is limited by the Warranty. (Dkt. 33 at 8: 16-18.) Plaintiff does not dispute that it knew before its repeated purchases that Ecovacs' vacuums were subject to the Warranty. *Id*. at 8:19-9:3. Plaintiff argues that the limitations in Ecovacs' Warranty do not apply (and Plaintiff is entitled to a warranty with unlimited duration and without conditions) because Ecovacs and NETi allegedly made repeated representations (that the vacuums were authentic factory refurbished Ecovacs vacuums and that they would be free from defect in materials and workmanship when used under normal conditions) outside the Warranty (through invoices issued by Ecovacs' distributor, in emails and telephone calls with Ecovacs' employees, as well as the warranty card that came with each packaged vacuum). *Id*. at 8:23-9:12.[2] Plaintiff argues that because these representations were made outside the Warranty, the limitations in the written warranty (such as the need to provide reasonable notice to Ecovacs' customer service, 90-day limited duration, etc.) do not apply to Plaintiff.

The law is contrary. Section 2316(1) of the California Commercial Code provides that "[w]ords or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as *consistent with each other* …." (emphasis added).

Ninth Circuit case law has confirmed that, under section 2316(1), such representations are to be interpreted to be consistent with the limitations set forth in the written warranty. In *Resnick*, plaintiff similarly alleged "warranty-by-

---

[2] Ecovacs will not dispute the truth of these allegations for the purposes of this Motion, only.

representation" claims against defendant, a car manufacturer, that were allegedly made outside of defendant's written limited warranty. 2017 U.S. Dist. LEXIS 67525, at *24. Plaintiff alleged that defendant represented on its website that its paint would prevent rust and protect against corrosion, without specifying a limited time period. *Id*. Defendant's written express warranty also promised that the paint would prevent rust and corrosion but for only the first 36,000 miles. *Id*. The court dismissed plaintiff's warranty-by-representation claims finding that, under Cal. Com. Code § 2316(1), "even assuming that any of Defendants' representations constitute a viable express warranty regarding the quality of Hyundai's paint, that warranty is limited to the same terms as Hyundai's express warranty." *Id.* at *26.

In *Smith v. LG Electronics,* plaintiff purchased washing machines from defendant and similarly argued that its claims were based on breach of express warranties made outside of defendant's written limited warranty. *Smith v. LG Elecs. U.S.A., Inc.*, No. C 13-4361 PJH, 2014 U.S. Dist. LEXIS 31577, at *11 (N.D. Cal. Mar. 11, 2014), 83 U.C.C. Rep. Serv. 2d (Callaghan). Plaintiff alleged six representations that it claimed were made in defendant's labels and advertisements. The court granted Defendant's motion to dismiss based on section 2316(1) of the Commercial Code, finding that "the only reasonable and consistent reading of the warranty and the alleged express warranty statements is to consider the warranty—including the one-year durational limitation—to apply to limit the duration of the six alleged express warranty statements at issue." *Id*. at *18.

In *Long v. Hewlett-Packard Co.*, the court also analyzed plaintiff's warranty-by-representation claims under Cal. Comm. Code § 2316(1) on a motion for reconsideration of its dismissal with prejudice. *Long v. Hewlett-Packard Co.,* No. C-06-02816 JW, 2007 U.S. Dist. LEXIS 79262, at *8 (N.D. Cal. July 27, 2007). Plaintiff argued that defendant, a computer manufacturer, created an express warranty-by-representation through descriptions of its computers' technical specifications, maintenance and service guides, etc. *Id*. at *15. The court rejected

1  plaintiff's argument (that these representations create an indefinite warranty length
2  contrary to the time limitation in the written warranty) as "wholly untenable" because
3  it would leave the manufacturer "susceptible to a breach of warranty claim" for every
4  good that, at any time, required repairs. *Id.* at *18 n.4.

5  Similarly, this Court should also reject Plaintiff's argument that Ecovacs' and
6  NETi's representations created unconditional express warranties that are not subject
7  to the limitations expressly set forth in Ecovacs' Warranty, which Plaintiff admittedly
8  knew before and after it purchased the vacuums.

9  Plaintiff's reliance on *Seely* and *Hauter* is misplaced. Both of these cases stand
10 for the unremarkable proposition that promises made as part of the bargain can
11 constitute warranties. (Dkt 33 at 9:13-17 ("Any affirmation of fact or any promise by
12 the seller relating to the goods is an express warranty if the natural tendency of the
13 affirmation or promise is to induce the buyer to purchase the goods, and if the buy[er]
14 purchases the goods relying thereon.") (citing *Seely v. White Motor Co.*, 63 Cal. 2d 9
15 (1965) and *Hauter v. Zogarts,* 14 Cal. 3d 104 (1975).)

16 Ecovacs is not disputing the existence of the Warranty. It stood behind the
17 Warranty, which Plaintiff ignored, and instead sought to return the products for a
18 refund. As alleged in Plaintiff's SAC, the vacuums were not subject to return per the
19 purchase terms. (Dkt. 21 at 60.) Ecovacs never refused to honor the Warranty, but
20 instead reminded Plaintiff that the 90-Day Warranty should mitigate the need for
21 returns. Plaintiff never responded to Ecovacs or NETi stating that it wanted to file a
22 claim under the warranty. Plaintiff remained silent until it filed this lawsuit.

23 Plaintiff cannot cure this defect in its complaint without alleging facts showing
24 that it (1) notified Ecovacs' customer service as instructed in the warranty; (2)
25 provided details to Ecovacs showing that the vacuums fell within the warranty period
26 by providing details such as the date it purchased the vacuums and when it discovered
27 the alleged defects; and (3) alleging that Ecovacs failed to provide coverage under the
28 warranty. *T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d

855, 875 (N.D. Cal. 2015) (quoting *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 816-17 (N.D. Cal. 2014). None of Plaintiff's exhibits demonstrate that Plaintiff can survive dismissal because Plaintiff never filed a claim under the warranty.

As mandated by section 2316(1) and the cases cited above, Plaintiff's remedy is limited by the terms of the Warranty. Having admittedly failed to comply with the Warranty, Plaintiff cannot, of course, state an actionable claim for breach of warranty.

### 2. Leave to Amend Should Be Denied

Ecovacs' Opening Brief provided substantial case law outlining what a plaintiff must allege to sufficiently state a claim for breach of warranty. One of the requirements is that a plaintiff must allege that it gave the defendant reasonable notice within the warranty period. Here, Ecovacs' Warranty instructs buyers to contact Ecovacs' customer service to provide notice of any defective vacuums. (Dkt. 31-1, Exhibit A to Ecovacs' Request for Judicial Notice.)

In its Opposition, Plaintiff requests leave to amend, conceding that the Second Amended Complaint fails to allege facts to show that Plaintiff gave Ecovacs reasonable notice. Such leave should be denied because any amendment would be futile, as Plaintiff also failed to avail itself of the remedies available under Ecovacs' written warranty.

Defective product conditions alone do not give rise to a breach of warranty. The breach of warranty, if any, arises from a failure to cure the defect as promised in the warranty. *Tabak v. Apple, Inc.,* No. 19-cv-02455-JST, 2020 U.S. Dist. LEXIS 252680, at *38 (N.D. Cal. Jan. 30, 2020) (granting motion to dismiss breach of express warranty claims because plaintiffs have not plausibly alleged that Apple breached the Limited Warranty by denying them coverage).

Plaintiff's claims for breach of warranties cannot be cured by any further amendment because Plaintiff does not allege in the Second Amended Complaint that Ecovacs denied Plaintiff coverage under the Warranty. Exhibit 1 to Plaintiff's opposition purportedly shows that on June 19, 2020, Plaintiff emailed NETi, Ecovacs'

distributor with a "breakdown" of 412 defective vacuum cleaners.[3]  Exhibit 2 purports to show NETi stating that it has experienced a higher than normal return rate on the Ecovacs refurbished vacuums and asks Ecovacs to prevent more returns.[4]  Meanwhile, Plaintiff continued to purchase more vacuum cleaners from Ecovacs.  Finally, Exhibit 3 purports to show NETi requesting Ecovacs to issue a refund.  An employee from Ecovacs informs NETi that returns are not available under the parties' contract, and that the 90-Day Limited Warranty should mitigate the need for returns.

The communications stop there, and Plaintiff never told NETi or Ecovacs that it wanted to file a claim under the Limited Warranty, or take any other action before it filed this lawsuit. In other words, Plaintiff cannot show that Ecovacs denied it coverage under the warranty, which is required to survive dismissal of a breach of warranties claim.

### C.  The Third Claim for Breach of Implied Warranty Fails

In the moving papers, Ecovacs provided the Court with four reasons why the implied warranties claim should be dismissed.  Each reason alone supports dismissal of Plaintiff's claim for breach of implied warranties.

First, the Limited Warranty alleged in the Complaint supersedes any implied warranty.  Where the contract sets out a remedy, and "the remedy is expressly agreed to be exclusive," then it is the "sole remedy." Cal. Com. Code § 2719(1)(b).  Plaintiff fails to cite any authority to the contrary.

Second, Ecovacs expressly disclaimed all implied warranties in its Limited Ninety (90) Day Warranty.  Plaintiff does not even dispute this.  Multiple courts in

---

[3] Plaintiff did not state when it purchased the vacuums and did not state when it discovered the vacuums were defective in its email.

[4] Ecovacs does not recount the email communications regarding Plaintiff's resellers and their warranty claims because they are not at issue in this case and Plaintiff does not have standing to pursue claims on behalf of its resellers.  Plaintiff does not argue that it has standing in its Opposition or in its Motion to Amend.

this district that have analyzed the same disclaimer in the Limited Warranty have reached the same conclusion. *See, e.g., Minkler,* 65 F. Supp. 3d at 819 ("Apple's [Limited] Warranty disclaimed all implied warranties in accordance with California law because it stated in clear language and capitalized formatting that Apple 'disclaims all statutory and implied warranties, including without limitation, warranties of merchantability and fitness for a particular purpose and warranties against hidden or latent defects.'"); *Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL 976048, at *14 (N.D. Cal. Mar. 14, 2017) (same).

Third, the parties are not in privity of contract, which means Plaintiff cannot state a claim for breach of implied warranties. The *Huntzinger* case, cited by Plaintiff, held that "a person seeking to enforce a contract as a third party beneficiary 'must plead a contract which was made expressly for his [or her] benefit and one in which it clearly appears that he [or she] was a beneficiary.'" *Huntzinger v. Aqua Lung Am., Inc.*, No. 15cv1146-WQH-AGS, 2018 U.S. Dist. LEXIS 3222, at *29 (S.D. Cal. 2018). The *Huntzinger* court thus dismissed plaintiff's breach of implied warranties claim finding that plaintiff failed to allege sufficient facts to support a reasonable inference that plaintiff is an intended beneficiary to a contract involving the manufacturer and its distributor. *Id*. at *30.

Just as in *Huntzinger*, this Court should find that Plaintiff failed to sufficiently allege it is a third-party beneficiary because it does not allege that the contract was made expressly for its benefit and that Plaintiff's name clearly appears in the contract showing it was an intended beneficiary.

Plaintiff also argues that the language of the disclaimer of warranties of the implied warranty of merchantability and the implied warrant of fit for particular purpose is unclear as to whether it applies to end consumers or retailers. This is a red herring. The disclaimer does not specify between end consumer or retailer; it broadly disclaims implied warranties to everyone. (Dkt. 28-2, Exh. A to Ecovacs' RJN.)

Finally, as stated above, Plaintiff never availed itself of the exclusive remedies

set for under the 90-Day Limited Warranty.

### D. Ecovacs Sufficiently Mooted Plaintiff's Declaratory Judgment of Non-Infringement of Trademarks

As stated in the moving papers, the one alleged incident with Amazon does not create an actual controversy. Ecovacs complaint to Amazon resolved before Plaintiff even initiated this lawsuit and, thus, there was no live controversy when the complaint was filed. Ecovacs' covenant, made in the Opening Brief, that it will not sue Plaintiff for the vacuums it purchased on the dates alleged in the SAC is more than sufficient to further moot any remaining speculation that it will prosecute a trademark claim against Plaintiff in the future.

This Court should exercise its discretion to treat Ecovacs' promise not to sue Plaintiff for trademark infringement as to any of the vacuums it purchased on the dates alleged in the SAC as a judicial admission. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988) (holding that statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court).

Plaintiff's reliance on *Klinger v. Conan Doyle Estate, Ltd.* is misplaced. There, the court found that the "the twin threats—to block the distribution of [plaintiff's] book by major retailers and to sue for copyright infringement—created an actual rather than merely a potential controversy." *Klinger v. Conan Doyle Estate, Ltd.*, 755 F.3d 496, 499 (7th Cir. 2014). Unlike in *Klinger*, Ecovacs never threatened to sue Plaintiff. Ecovacs allegedly submitted only one trademark infringement complaint to Amazon and has not submitted any other complaints, nor has it threatened Plaintiff that it would. Indeed, Ecovacs has not engaged in conduct similar to that challenged by the Plaintiff and the Court should find this weighs in favor of a finding of mootness. *See Am. Diabetes Ass'n v. United States Dep't of the Army*, 938 F.3d 1147, 1153 (9th Cir. 2019).

This case is also distinguishable from the facts in *Already, LLC v. Nike, Inc.* because Nike sued Already for allegedly infringing its rights under trademark law.

568 U.S. 85, 92 (2013).  Ecovacs never sued Plaintiff and promised that it will not sue it in the moving papers. The Court in *Already* found that where an actual controversy does not persist throughout litigation, "[a] case becomes moot." *Id*. at 91. The mootness doctrine does not turn on whether the plaintiff continues to believe that some unlawful conduct occurred. *Id*. (explaining that a case may still be moot regardless of "how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit"). Rather, "the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id*. This case is not embedded in any actual controversy regarding trademark rights. "At its core, this is a fraud and misrepresentation case." (Dkt. 33 at 2:3.)  Thus, the Court should find Plaintiff's claim for declaratory judgment moot and dismiss it.

## III.   CONCLUSION

For the foregoing reasons, Ecovacs respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint in its entirety without leave to amend.

Dated:  April 11, 2022           Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Laura L. Chapman_____
LAURA L. CHAPMAN
SOFYA ASATRYAN

Attorneys for Defendant
Ecovacs Robotics, Inc.