William B. DeClercq, SBN 240538
**DECLERQ LAW GROUP, INC.**
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071
Tel: (626) 408-2150
william@declerqlaw.com

Coby S. Nixon (*pro hac vice*)
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
cnixon@taylorenglish.com

John C. Patton (*pro hac vice*)
**BLUE SKY LAW**
4045 Orchard Road, Building 400
Smyrna, GA 30080
Telephone: (678) 831.3917
jpatton@blueskylaw.com

*Counsel for Plaintiff*
*Crown Cell Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CROWN CELL INC., | Case No. 3:21-cv-07890-SI |
| Plaintiff, | **THIRD AMENDED COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| ECOVACS ROBOTICS, INC. | |
| Defendants. | |

Plaintiff Crown Cell Inc. ("Plaintiff" or "Crown Cell"), by and through its undersigned attorneys, files this Third Amended Complaint against Ecovacs Robotics, Inc. ("Defendant" or "Ecovacs"), alleging as follows:

## NATURE OF THE ACTION

1. Crown Cell brings this action to recover damages from Ecovacs as it relates to the sale of certain products to Crown Cell by Ecovacs through a third-party distributor.

2. Crown Cell also brings this action to protect its ability to lawfully conduct its business as a reputable seller on Amazon.com ("Amazon") without interference from Ecovacs, after Ecovacs submitted knowingly false complaints to Amazon alleging that Crown Cell is a counterfeiter.

3. Specifically, Crown Cell seeks a judicial declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, that its marketing, distribution, and sales of authentic products bearing the ECOVACS mark do not constitute trademark counterfeiting under the Lanham Act, 15 U.S.C. § 1114.

4. Further, Crown Cell seeks compensatory damages, attorneys' fees, costs, and other relief as the Court deems just and proper.

## PARTIES

5. Crown Cell is a corporation duly organized and existing under the laws of the State of New York with a principal place of business at 2388 Northwest 150th Street, Opa Locka, FL, 33054.

6. Upon information and belief, Ecovacs is a corporation formed under the laws of the State of Delaware with a principal place of business at 1500 Fashion Island Blvd., Suite 201, San Mateo, California 94404.

## JURISDICTION AND VENUE

7. This is an action for declaratory relief brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, and under the Lanham Act, 15 U.S.C. § 1114. This Court has federal-question jurisdiction over this action pursuant to 15

U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a). This Court has supplemental jurisdiction over the state-law claims herein pursuant to 28 U.S.C. § 1367.

8. In addition, subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1). The matter is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over Ecovacs based on its principal place of business in this District and its continuous and systematic minimum contacts with residents of California through the making, distribution, offering for sale, and sale of products and services in California.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Ecovacs resides in this district. Further, this District is a convenient and appropriate venue for this action due to Ecovacs's principal place of business in this District.

## FACTUAL ALLEGATIONS

**A. Crown Cell's Business Model.**

11. Crown Cell is a privately held business that operates online marketplaces, including on Amazon, where it sells a variety of products to customers located throughout the world.

12. Upon information and belief, Amazon is the world's largest online retailer.

13. The privilege of selling on Amazon's platform is highly advantageous because Amazon provides sellers exposure to the world marketplace on a scale that no other online retailer can provide.

14. Since 2011, Crown Cell has had a contractual and business relationship with Amazon, such that Crown Cell was and is permitted to sell products on Amazon's platform.

15. Crown Cell's primary business is in the sale of products on Amazon.

16. Crown Cell purchases authentic products from various sources and

resells the products on Amazon at a profit.

17. Crown Cell either completes the transaction by itself by mailing the product to the customer from its warehouse, or the transaction is completed by Amazon whereby Amazon ships Crown Cell's products to the customer from an Amazon warehouse.

**B.     Ecovacs and Its Distributor, NETi.**

18. Ecovacs is a manufacturer and merchant of home robotics products, including vacuum cleaners.

19. On information and belief, Ecovacs has exclusive rights and a property interest akin to those of an assignee in the trademark ECOVACS for vacuum cleaners, in at least the United States, including U.S. Trademark Registration No. 3,537,599 for the mark ECOVACS for "[v]acuum cleaners, steam cleaners, vacuum cleaner parts and accessories . . . ."

20. On information and belief, Ecovacs's rights and interests in the ECOVACS mark in the United States include rights as an exclusive licensee to use and enforce violations of the ECOVACS mark including the right to initiate litigation against alleged infringement.

21. On information and belief, New England Technology, Inc. ("NETi") is a company that specializes, in part, in the distribution of excess inventories for product manufacturers and distributors. At all times relevant to this Complaint, NETi was authorized by Ecovacs to sell authentic Ecovacs' vacuum cleaners to Crown Cell for resale on Amazon.

**C.     Purchase of the Ecovacs Vacuum Cleaners by Crown Cell**

22. Between August 2019 and December 2020, Crown Cell purchased and took possession of over 8,000 authentic Ecovacs vacuum cleaners from Ecovacs through its authorized distributor, NETi. The cost to Crown Cell to purchase the Ecovacs vacuum cleaners was over $800,000.00.

23. Prior to and at the time Crown Cell purchased the Ecovacs vacuum

cleaners, it was represented to Crown Cell by Ecovacs, individually and through its authorized distributor, NETi, that the vacuum cleaners were authentic, refurbished units that were covered by a limited product warranty issued by Ecovacs to the end consumer which provided that the vacuum cleaners would be free from defects in materials and workmanship when used under normal conditions.

24. Ecovacs made these representations vis-à-vis invoices issued through NETi on or around August 5, 2019, December 10, 2019, February 29, 2020, March 31, 2020, May 14, 2020, June 22, 2020, and December 10, 2020. Ecovacs also made these representations regarding the refurbished nature of the vacuum cleaners directly to Crown Cell through its National Sales Manager (Courtney Stecz) and its Head of Sales, North America (Amy Cardona) via emails and telephone calls in and around mid-September 2019.

25. Indeed, the representation that the vacuum cleaners were authentic factory refurbished Ecovacs vacuum cleaners was reiterated thousands of times to Crown Cell by Ecovacs through conspicuous labeling on every pre-packaged vacuum cleaner received by Crown Cell identifying each vacuum cleaner as a "Factory Refurbished" Ecovacs vacuum cleaner.

26. Similarly, the representation regarding the vacuum cleaners being free from defects in materials and workmanship was reiterated thousands of times through inclusion of the "ECOVACS ROBOTICS - Ninety (90) Day Refurbished Product Limited Warranty" ("Limited Warranty") with each pre-packaged vacuum cleaner that expressly warranted that the vacuum cleaner "will be free from defects in materials and workmanship when used under normal conditions."

27. Ecovacs, both individually and through NETi, made the above representations to induce Crown Cell into purchasing Ecovacs vacuum cleaners either from Ecovacs or from NETi through a contract between Ecovacs and NETi to which Crown Cell was a third-party beneficiary. Crown Cell relied in good faith on the above referenced representations by Ecovacs and NETi when it purchased the

Ecovacs vacuum cleaners.

28. Crown Cell is lawfully permitted to resell the Ecovacs vacuum cleaners bearing the ECOVACS mark pursuant to the first sale doctrine. Under the first sale doctrine, once a trademark owner places a product in the stream of commerce through an authorized sale, its trademark rights are exhausted, and a reseller of the same product cannot be liable for trademark infringement.

29. On receipt of the Ecovacs vacuum cleaners by Crown Cell, they were listed for sale by Crown Cell on the Amazon platform in the same packaging and in the exact same condition that they were acquired from Ecovacs, through NETi.

**D.     Problems with the Vacuum Cleaners.**

30. Crown Cell sold the Ecovacs vacuum cleaners to end consumers through the Amazon platform.

31. Crown Cell received a high volume of complaints and returns of the Ecovacs vacuum cleaners sold because the vacuum cleaners were not free from defects in materials and workmanship when used under normal conditions in that they did not turn on, had a battery life of mere minutes, did not offer working suction, and did not offer a working mopping feature. Additionally, Crown Cell received complaints that Ecovacs was refusing to honor the Limited Warranty included with the pre-packaged vacuum cleaners that Ecovacs represented was being issued to the end user.

32. During Crown Cell's processing of complaints and returns, Crown Cell discovered that a significant number of the Ecovacs vacuum cleaners purchased were not as represented and warranted with many of the vacuum cleaners being non-functional returns that were, upon information and belief, repackaged by Ecovacs and sold to Crown Cell without being refurbished or adequately tested to verify functionality.

33. On information and belief, Ecovacs knew that its representations to Crown Cell, prior to Crown Cell's purchase of the Ecovacs vacuum cleaners, were

false and misleading because Ecovacs knew that the vacuum cleaners being sold to Crown Cell were not refurbished or tested for functionality prior to being sold to Crown Cell.

34. On information and belief, Ecovacs's misrepresentations to Crown Cell regarding the condition and functionality of the vacuum cleaners were made with an intent to mislead and induce Crown Cell to purchase a significant number of Ecovacs vacuum cleaners that were otherwise non-merchantable and un-usable to Ecovacs.

35. Crown Cell reasonably relied in good faith on the representations made by Ecovacs and on behalf of Ecovacs regarding the condition and nature of the Ecovacs vacuum cleaners and had no reason to disbelieve same prior to its purchase of the vacuum cleaners.

36. Had Ecovacs disclosed to Crown Cell that the Ecovacs vacuum cleaners being purchased by Crown Cell were not refurbished or adequately tested to ensure functionality, Crown Cell would not have purchased the vacuum cleaners.

37. As a result of the fraud committed by Ecovacs, Crown Cell has sustained substantial damages.

**E.    Reasonable Notice of the Breach of Warranty was Given to Ecovacs**

38. On or around June 19, 2020, prior to suit being filed, Crown Cell reported to NETi issues with 412 Ecovacs vacuums.

39. That same day, NETi advised Ecovacs that "we have been seeing higher than normal failure/return rate on the Refurbished Ecovacs", and that there is "an issue with Ecovacs denying warranty and support to our resellers on Refurbished units."

40. In response, Ecovacs acknowledged the existence of the limited warranty to end consumers but stated that it would not accept returns of refurbished inventory. Ultimately, Ecovacs refused to take any action under any warranty to remedy or otherwise correct the material breaches of the warranty brought to

Ecovacs's attention.

41. Ecovacs's refusal to accept returns or take any action to remedy the warranty breaches is additional evidence that Ecovacs knew that the vacuum cleaners being sold to Crown Cell were not refurbished or tested for functionality prior to being sold to Crown Cell.

**F.    Ecovacs' Complaint to Amazon Regarding Crown Cell.**

42. Despite knowing that it had sold a significant number of Ecovacs vacuum cleaners to Crown Cell based on the representation that same were authentic, refurbished and fully functional, Ecovacs submitted a complaint to Amazon on September 23, 2021, accusing Crown Cell of listing "counterfeit" products. Ecovacs submitted at least one complaint in connection with the product listing Amazon Standard Identification Number ("ASIN") B07PJ111TZ (Complaint ID: 8933777491).

43. Crown Cell learned of Ecovacs' complaint when it received an email from Amazon stating that "We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark."

44. The email from Amazon included the following details concerning Ecovacs' complaint:

> "ASIN: B07PJ111TZ
>
> Infringement type: Counterfeit
>
> Trademark asserted:   3537599
>
> Complaint ID:   8933777491"

45. When a brand owner submits a complaint to Amazon with allegations of counterfeiting, it put sellers in jeopardy of a full selling suspension, meaning that Crown Cell could be wrongfully suspended from selling any and all products on Amazon.

46. Ecovacs knew at the time it submitted its complaint regarding Crown Cell that complaints to Amazon with allegations of counterfeiting may result in

selling suspensions.

47. The Vacuum Cleaners bearing the ECOVACS mark that Crown Cell listed, offered for sale, and sold on Amazon were represented by both NETi and Ecovacs at all times prior to their purchase by Crown Cell as being authentic Ecovacs products.

48. At no time prior to submission of the Amazon Complaint did NETi or Ecovacs represent to Crown Cell that the Ecovacs vacuum cleaners purchased from NETi were counterfeit Ecovacs products. Indeed, it was always represented by Ecovacs and NETi, that the Ecovacs vacuum cleaners were authentic Ecovacs vacuum cleaners.

49. Courts and commentators have referred to counterfeiting as "hard core" or "first degree" trademark infringement because counterfeiters seek to trick consumers into believing they are purchasing the genuine product when they are in fact purchasing an imitation.

50. Based on its representations to Crown Cell prior to and at the time of Crown Cell's purchase of the Ecovacs vacuum cleaners, Ecovacs knew when it submitted the complaint to Amazon and/or refused to retract the complaint that the Ecovacs vacuum cleaners being sold by Crown Cell were not counterfeit products.

51. On information and belief, Ecovacs's true motive for submitting and/or refusing to retract the complaint was to induce Amazon to wrongfully suspend Crown Cell and to improperly restrict competition for Ecovacs's products on Amazon.

52. Ecovacs's submission and maintenance of baseless complaints to Amazon for illegitimate reasons constitutes bad faith conduct.

# COUNT I

## Breach of Express Warranty

53. Crown Cell hereby incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

54. Ecovacs, through its authorized distributor NETi, is a merchant of authentic Ecovacs vacuum cleaners such as those sold to Crown Cell.

55. The vacuum cleaners offered for sale by Ecovacs and purchased by Crown Cell were represented and warranted to Crown Cell as being authentic, refurbished Ecovacs's vacuum cleaners that were covered by a limited product warranty issued by Ecovacs to the end consumer which provided that the vacuum cleaners were free from defects in materials and workmanship when used under normal conditions.

56. When purchasing the vacuum cleaners offered for sale by Ecovacs, Crown Cell relied on the representations made by Ecovacs, individually and through its authorized distributor, NETi, that the vacuum cleaners being purchased were authentic, refurbished Ecovacs' vacuum cleaners that were covered by a limited product warranty issued by Ecovacs to the end consumer which provided that the vacuum cleaners would be free from defects in materials and workmanship when used under normal conditions.

57. The vacuum cleaners sold by Ecovacs and purchased by Crown Cell were not refurbished, were not functional, were not free from defects in materials and workmanship when used under normal conditions and were not (as contended by Ecovacs) covered by a limited warranty issued to the end consumer. As such, the value of the vacuum cleaners was substantially impaired to Crown Cell.

58. Prior to suit being filed, Crown Cell provided timely notice to Ecovacs, through NETi, of the aforementioned issues regarding the non-conforming vacuum cleaners sold by Ecovacs and purchased by Crown Cell. Ecovacs, however, categorically refused to honor any of its warranties through a refund or replacement

of the defective vacuums.

59. Ecovacs has breached its express warranties to Crown Cell regarding the vacuum cleaners with said breach proximately causing Crown Cell damages in an amount to be determined at trial.

## COUNT II

### Implied Warranties[1]

60. Crown Cell hereby incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

61. Ecovacs, through its authorized distributor NETi, is a merchant of authentic Ecovacs vacuum cleaners such as those sold to Crown Cell.

62. Crow Cell purchased Ecovacs vacuum cleaners from Ecovacs for resale on Amazon based on representations made by both Ecovacs and NETi to the effect that the vacuum cleaners being purchased by Crown Cell were authentic, refurbished, and fully functional Ecovacs vacuum cleaners that were covered by a limited product warranty issued by Ecovacs to the end consumer.

63. Ecovacs knew or had reason to know that Crown Cell intended to offer the vacuum cleaners purchased from Ecovacs for resale on Amazon as authentic, refurbished, fully functional Ecovacs vacuum cleaners.

64. Crown Cell relied on Ecovacs's expertise and skill as the product manufacturer to supply Crown Cell with authentic, refurbished, and fully functional Ecovacs vacuum cleaners that were covered by a limited product warranty issued by Ecovacs to the end consumer.

65. Because the Ecovacs vacuum cleaners supplied by Ecovacs and purchased by Crown Cell are not refurbished, not fully functional, and/or not covered by a limited product warranty issued by Ecovacs to the end consumer, said

---

[1] Considering Plaintiff's Motion for Leave to File Motion for Reconsideration (Dkt. 54), Plaintiff includes this claim for breach of implied warranty out of an abundance of caution to preserve, and not waive, its request for reconsideration. Plaintiff will withdraw this count from the Third Amended Complaint if the Court denies Plaintiff's request to reconsider its September 6, 2022 Order (Dkt. 50) on Plaintiff's implied warranty claims.

11        THIRD AMENDED COMPLAINT

vacuum cleaners are not merchantable and are unfit for the particular purposes for which they were intended and of which Ecovacs had knowledge.

66. Ecovacs, through its sale of Ecovacs vacuum cleaners to Crown Cell that are not refurbished, not fully functional, and/or not covered by a limited product warranty issued by Ecovacs to the end consumer, has breached the implied warranty of merchantability and fitness for a particular purpose.

67. Ecovacs breach of these implied warranties has proximately caused damage to Crown Cell in an amount to be determined at trial.

## COUNT III

### Unjust Enrichment

68. Crown Cell hereby incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

69. Ecovacs represented to Crown Cell that the Ecovacs vacuum cleaners Crown Cell was purchasing from Ecovacs, through NETi, were authentic, refurbished units that were covered by a limited product warranty issued by Ecovacs to the end consumer which provided that the vacuum cleaners were free from defects in materials and workmanship when used under normal conditions.

70. When Ecovacs made those representations to Crown Cell, Ecovacs knew the representations were false and misleading because many of the Ecovacs vacuum cleaners were not refurbished, and not adequately tested to verify functionality.

71. When Ecovacs made those representations to Crown Cell, Ecovacs knew the representations were false and misleading because Ecovacs never intended for the Limited Warranty included with the pre-packaged vacuum cleaners sold to Crown Cell to apply to the end consumer.

72. When Ecovacs made those representations to Crown Cell, Ecovacs knew the representations were false and misleading because Ecovacs did not to honor its obligations to the end consumer under any warranty created in the sale of

the vacuums to Crown Cell.

73. When Ecovacs made those representations to Crown Cell, it intended to either deceive or mislead Crown Cell to induce Crown Cell into purchasing a significant number of Ecovacs vacuum cleaners at a significant cost.

74. Crown Cell reasonably relied on Ecovacs's misrepresentations when purchasing over 8,000 Ecovacs vacuum cleaners at a cost of $800,000.00.

75. Crown Cell would not have purchased the Ecovacs' vacuum cleaners if it knew that Ecovacs's representations were false and misleading.

76. By its wrongful acts, Ecovacs has been unjustly enriched at the expense and detriment of Crown Cell.

77. As a direct and proximate result of Ecovacs's unjust enrichment, Crown Cell is entitled to restitution in an amount to be determined at trial.

## COUNT IV

**Declaratory Judgment of No Trademark Counterfeiting**

**(28U.S.C. §§ 2201-2202 and 15 U.S.C. § 1114)**

78. Crown Cell hereby incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

79. By virtue of Ecovacs's complaint to Amazon accusing Crown Cell of listing "counterfeit" products, as well as the parties' subsequent communications, a substantial controversy exists between Crown Cell and Ecovacs, which have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

80. Crown Cell has never sold, offered for sale, distributed and/or advertised counterfeit products bearing the ECOVACS mark.

81. The Ecovacs vacuum cleaners bearing the ECOVACS mark that Crown Cell listed, offered for sale, and sold on Amazon were, at all times, authentic Ecovacs products.

82. By virtue of Ecovacs's complaint to Amazon, Crown Cell has suffered

and will continue to suffer an injury in fact which is concrete, particularized, and actual or imminent.

83. A judgment declaring that Crown Cell's marketing, distribution, and sale of Ecovacs products bearing the ECOVACS mark has not constituted and will not constitute trademark counterfeiting in violation of 15 U.S.C. § 1114 would finalize the controversy between the parties and offer them relief from uncertainty.

84. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Crown Cell is entitled to a declaration that its marketing, distribution, and sale of Ecovacs's products bearing the ECOVACS mark has not constituted and will not constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaration that Crown Cell's marketing, distribution, and sales of Ecovacs' products bearing the ECOVACS mark has not constituted and will not constitute trademark counterfeiting in violation of 15 U.S.C. § 1114;

B. A judgment that Defendant is liable to Crown Cell for breach of warranty, or in the alternative, unjust enrichment;

E. Compensatory damages in an amount to be proven at trial;

F. A finding that this case is "exceptional" within the meaning of 15 U.S.C. § 1117 and a corresponding award of attorneys' fees in Plaintiff's favor;

G. An award of Plaintiff's costs in this action; and

H. Such other and further relief as the Court deems just and proper.

14            THIRD AMENDED COMPLAINT

DATED:  September 26, 2022

/s/ John C. Patton
William B. DeClercq, SBN 240538
**DECLERQ LAW GROUP, INC.**
445 S. Figueroa St., Suite 3100
Los Angeles, CA 90071
Telephone: (626) 408-2150
william@declerqlaw.com

Coby S. Nixon (*pro hac vice*)
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA  30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
cnixon@taylorenglish.com

John C. Patton (*pro hac vice*)
**BLUE SKY LAW**
4045 Orchard Road, Building 400
Smyrna, GA 30080
Telephone: (678) 831-3917
jpatton@blueskylaw.com

*Counsel for Plaintiff*
*Crown Cell Inc.*

## Certificate of Service

The undersigned hereby certifies that on September 26, 2022, the foregoing THIRD AMENDED COMPLAINT was served by electronic mail to the following counsel of record for Defendant:

Laura L. Chapman
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415-434-9100
Fax: 415-434-3947
Email: lchapman@sheppardmullin.com

Sofya Asatryan
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130-4082
858-720-7402
Fax: 858-509-3691
Email: sasatryan@sheppardmullin.com

*/s/ John C. Patton*
John C. Patton
*Attorney for Plaintiff Crown Cell Inc.*