UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN CELL INC, <br> Plaintiff, <br> v. <br> ECOVACS ROBOTICS, INC., <br> Defendant. | Case No. 21-cv-07890-SI <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT** <br><br> Re: Dkt. No. 63 |

Defendant Ecovacs Robotics, Inc. ("Ecovacs") has filed a motion to dismiss the third amended complaint of plaintiff Crown Cell Inc. ("Crown Cell"). Dkt. No. 63. The Court found this matter appropriate for resolution without oral argument and vacated the hearing set for November 18, 2022, pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the Court DENIES the motion to dismiss.

**BACKGROUND**

The factual and procedural background of this case is set forth more fully in the Court's prior order. *See* Dkt. No. 50. Briefly stated, Crown Cell's primary business is the sale and resale of products on Amazon's online marketplace. Dkt. No. 59 ("TAC") ¶ 15. Between August 2019 and December 2020, Crown Cell purchased and acquired over 8,000 authentic Ecovacs vacuum cleaners through Ecovacs' distributor, New England Technology, Inc. ("NETi").[1] *Id.* ¶ 22. After Crown Cell resold the vacuum cleaners to end consumers on Amazon, it received "a high volume of complaints and returns . . . ." *Id.* ¶ 31. Moreover, although Crown Cell alleges it was "lawfully

---

[1] On a motion to dismiss, the Court treats the allegations of the complaint as true.

1    permitted to resell the Ecovacs vacuum cleaners bearing the ECOVACS mark pursuant to the first
2    sale doctrine," "Ecovacs submitted a complaint to Amazon on September 23, 2021, accusing Crown
3    Cell of listing 'counterfeit' products." *Id.* ¶¶ 28, 42.
4           On October 7, 2021, Crown Cell filed suit against Ecovacs. Dkt. No. 1. On September 6,
5    2022, the Court granted in part and denied in part Ecovacs' motion to dismiss the second amended
6    complaint. Dkt. No. 50. The Court: dismissed Crown Cell's fraud claim with prejudice, dismissed
7    the breach of implied warranty claim with prejudice, dismissed the breach of express warranty claim
8    without prejudice, and denied the motion to dismiss the claim for declaratory judgment of no
9    trademark counterfeiting. Crown Cell then filed a motion for leave to file a motion for
10   reconsideration of the dismissal of the express and implied warranty claims; the Court denied that
11   motion on October 18, 2022. Dkt. Nos. 54, 65.
12          On September 26, 2022, Crown Cell filed the third amended complaint, which is now the
13   operative complaint in this case. *See* Dkt. No. 59. Crown Cell brings four claims for relief: (1)
14   breach of express warranty, (2) implied warranties, (3) unjust enrichment, and (4) declaratory
15   judgment of no trademark counterfeiting. Following the Court's denial of the motion for leave to
16   file a motion for reconsideration, Crown Cell filed a notice of withdrawal of the implied warranty
17   claim. Dkt. No. 66; *see also* TAC at 11 n.1. Ecovacs moved to dismiss and simultaneously filed a
18   covenant not to sue Crown Cell for trademark infringement or counterfeiting. Dkt. Nos. 62, 63
19   ("Mot."). Accordingly, plaintiff has agreed to the dismissal of its fourth claim, without prejudice.
20   Dkt. No. 67 ("Opp'n") at 7-8. Thus, the two claims that remain in dispute in this motion are Crown
21   Cell's claim for breach of express warranty (Claim One) and for unjust enrichment (Claim Three).

**LEGAL STANDARD**

24          A complaint must contain "a short and plain statement of the claim showing that the pleader
25   is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule
26   12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must
27   allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
28   550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts

that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Usher v. Cty of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

**DISCUSSION**

**I.   Breach of Express Warranty**

Relevant to the claim for breach of express warranty, the TAC alleges the following. Crown Cell, through a series of seven transactions from August 2019 to December 2020, purchased and acquired over 8,000 vacuum cleaners from Ecovacs through NETi.[2] TAC ¶ 22. Crown Cell alleges Ecovacs and NETi represented the vacuum cleaners as "authentic, refurbished units that were covered by a limited product warranty issued by Ecovacs to the end consumer which provided that the vacuum cleaners would be free from defects in materials and workmanship when used under normal conditions." *Id.* ¶ 23. Crown Cell alleges these representations were made: (1) on each of NETi's invoices, (2) "directly to Crown Cell through its National Sales Manager (Courtney Stecz)

---

[2] The invoices for these transactions were "issued through NETi on or around August 5, 2019, December 10, 2019, February 29, 2020, March 31, 2020, May 14, 2020, June 22, 2020, and December 10, 2020." TAC ¶ 24.

3

1    and its Head of Sales, North America (Amy Cardona) via emails and telephone calls in and around
2    mid-September 2019[,]" (3) "through conspicuous labeling on every pre-packaged vacuum cleaner
3    received by Crown Cell identifying each vacuum cleaner as a 'Factory Refurbished' Ecovacs
4    vacuum cleaner[,]" and (4) "through inclusion of the 'ECOVACS ROBOTICS - Ninety (90) Day
5    Refurbished Product Limited Warranty' ('Limited Warranty') with each pre-packed vacuum
6    cleaner[.]" *Id.* ¶¶ 24-26.

7    After it resold the vacuums on Amazon, Crown Cell received complaints about the
8    functionality of the vacuums as well as "complaints that Ecovacs was refusing to honor the Limited
9    Warranty included with the pre-packaged vacuum cleaners that Ecovacs represented was being
10   issued to the end user." *Id.* ¶ 31. The TAC also alleges that "[o]n or around June 19, 2020, prior to
11   suit being filed, Crown Cell reported to NETi issues with 412 Ecovacs vacuums." *Id.* ¶ 38. "That
12   same day, NETi advised Ecovacs that 'we have been seeing higher than normal failure/return rate
13   on the Refurbished Ecovacs', and that there is 'an issue with Ecovacs denying warranty and support
14   to our resellers on Refurbished units.'" *Id.* ¶ 39. According to Crown Cell, "Ecovacs acknowledged
15   the existence of the limited warranty to end consumers but stated that it would not accept returns of
16   refurbished inventory. Ultimately, Ecovacs refused to take any action under any warranty to remedy
17   or otherwise correct the material breaches of the warranty brought to Ecovacs's attention." *Id.* ¶ 40.
18   "Ecovacs refused to honor any of its warranties through a refund or replacement of the defective
19   vacuums." *Id.* ¶ 58.

20   The parties dispute whether the 90 Day Refurbished Product Limited Warranty is the express
21   warranty at issue in this claim. Ecovacs moves to dismiss the claim for breach of express warranty
22   because, according to Ecovacs, Crown Cell did not allege that it made a timely warranty claim
23   within 90 days of purchase. Mot. at 9-14. Crown Cell argues that the written limited warranty,
24   which contains the 90-day time limit, is not the sole basis of its warranty claim, and that Crown Cell
25   provided notice of the breach within a reasonable timeframe.

26   Under California law, an express warranty is created by "[a]ny affirmation of fact or promise
27   made by the seller to the buyer which relates to the goods and becomes part of the basis of the
28   bargain[.]" Cal. Com. Code § 2313(1)(a). The same is true for "[a]ny description of the goods

4

which is made part of the basis of the bargain[.]" *Id.* § 2313(1)(b). "[T]o prevail on a breach of express warranty claim, the plaintiff must prove (1) the seller's statements constitute an 'affirmation of fact or promise,' or a 'description of the goods'; (2) the statement was 'part of the basis of the bargain'; and (3) the warranty was breached." *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (citation and internal quotation marks omitted). California law also requires that, "[w]here a tender has been accepted, . . . the buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy[.]" Cal. Com. Code § 2607(3)(A).[3]

The Court finds that the TAC sufficiently alleges that Crown Cell put Ecovacs on notice of the breach of express warranty claim when it notified NETi on June 19, 2020, of issues with 412 vacuums, and NETi then reported to Ecovacs that there were problems with the vacuums' functionality and with Ecovacs denying warranty coverage and support. *See* TAC ¶¶ 38-39. The crux of Crown Cell's cause of action, as amended in the TAC, is that Ecovacs created an express warranty when it represented *to Crown Cell* that the vacuum cleaners had been refurbished and that they were covered by limited warranties that flowed to the end consumer. According to the TAC, Ecovacs made these representations on the invoices that its distributor NETi issued and also through emails and phone calls from members of the Ecovacs sales team directly to Crown Cell. *Id.* ¶ 24. Drawing all reasonable inferences in favor of Crown Cell, the TAC sufficiently alleges the elements of a claim for breach of express warranty, including reasonable notice to Ecovacs.

---

[3] The California Uniform Commercial Code comment to section 2-607(4) elaborates:

> The time of notification is to be determined by applying commercial standards to a merchant buyer. "A reasonable time" for notification from a retail consumer is to be judged by different standards so that in his case it will be extended, for the rule of requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy.
>
> The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all the objections that will be relied on by the buyer . . . .

Cal. Com. Code § 2607, U.C.C. cmt. 4.

The Court agrees with Crown Cell that Ecovacs has read the TAC too narrowly, by arguing that the only warranty at stake is the written limited warranty and that therefore Crown Cell should have filed a warranty claim within 90 days of purchase. The cases that Ecovacs cites in support of its position are ones in which the plaintiffs were the end consumers. *See* Mot. at 12 (citing cases in which plaintiffs were purchasers of cars, washing machines, and notebook computers). By contrast, the plaintiff here is a reseller, and the TAC provides several alternative bases for creation of an express warranty, beyond the 90-day limited warranty. *See* TAC ¶¶ 16, 24. The TAC also alleges that the end consumers made warranty claims to Ecovacs and that Ecovacs refused to honor those claims. *Id.* ¶ 31. Given what Crown Cell has alleged, it would make little sense to require that it notify Ecovacs of a breach within 90 days of purchasing the vacuums to resell them, where the limited warranty gave the end consumer 90 days to file a warranty claim. If the end consumer took the full 90 days to make a warranty claim, Crown Cell could not possibly alert Ecovacs of a breach of warranty within 90 days of the date that Crown Cell originally purchased the refurbished vacuums for resale.

Under the facts alleged here, Crown Cell need only plead that it provided notice of the breach within a "reasonable" time. *See* Cal. Com. Code § 2607(3)(A). Crown Cell alleges that it purchased the vacuums in question between August 2019 and December 2020, and that it notified Ecovacs of the breach of warranty (via NETi) on or around June 19, 2020. TAC ¶¶ 22, 38. The Court will not find at this stage of the case that such notice is per se unreasonable. *See* Cal. Com. Code § 1205(a) ("Whether a time for taking an action required by this code is reasonable depends on the nature, purpose, and circumstances of the action.").

In its reply brief, Ecovacs urges this claim should be dismissed with prejudice because Ecovacs ultimately issued refunds for all 412 of the refurbished vacuum cleaners about which Crown Cell complained in June 2020. Dkt. No. 70 ("Reply") at 2-3. Ecovacs asks the Court to treat the motion to dismiss as a motion for summary judgment, attaching an email exchange between counsel that it says shows refunds were issued for the 412 vacuums and that therefore there cannot be a warranty breach. *See id.*; Dkt. No. 70-1, Ex. 1.

In general, the Court will not consider arguments raised for the first time in a reply brief.

1    The Court is especially loath to convert a motion to dismiss into one for summary judgment without
2    giving the plaintiff an opportunity to respond. A review of the attached email exchange indicates
3    that plaintiff's position is that this case is not limited solely to those 412 vacuum cleaners, and the
4    allegations of the TAC bear this out. The Court declines to convert this motion into a motion for
5    summary judgment. This argument is best reserved for summary judgment on a fuller factual record.

6    In sum, the Court finds that the TAC sufficiently alleges the elements for breach of express
7    warranty. Among other allegations, the TAC states that: (1) Ecovacs, individually and through
8    NETi, represented to Crown Cell that the vacuums "were authentic, refurbished units that were
9    covered by a limited product warranty issued by Ecovacs to the end consumer," TAC ¶ 23; (2) that
10   this statement was part of the basis of the bargain, *see id.* ¶¶ 36, 75; and (3) that the warranty was
11   breached, *see id.* ¶¶ 31-32, 40. The TAC also alleges reasonable notice to Ecovacs of the breach.
12   *See id.* ¶¶ 22, 38.

13   The motion to dismiss the claim for breach of express warranty (Claim One) is denied.

14

15   **II.    Unjust Enrichment**

16   Ecovacs seeks to dismiss the claim for unjust enrichment, but its argument largely hinges on
17   the failure of Crown Cell's claim for breach of express warranty. *See* Reply at 7-9. Because the
18   Court has denied the motion to dismiss the breach of express warranty claim, it will deny dismissal
19   of the unjust enrichment claim at this stage as well. Although "in California, there is not a standalone
20   cause of action for 'unjust enrichment,' which is synonymous with 'restitution,' . . . unjust
21   enrichment and restitution are not irrelevant in California law." *Astiana v. Hain Celestial Group,*
22   *Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citations omitted). In *Astiana*, the Ninth Circuit explained
23   that "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a
24   quasi-contract claim seeking restitution.'" *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*,
25   223 Cal. App. 4th 221, 231 (2014)). The *Astiana* court allowed such a claim to proceed past the
26   motion to dismiss phase where the complaint alleged that the defendant "had enticed plaintiffs to
27   purchase their products through false and misleading labeling, and that [the defendant] was unjustly
28   enriched as a result. This straightforward statement is sufficient to state a quasi-contract cause of

United States District Court
Northern District of California

action." *Id.* (internal quotation marks and brackets omitted). Likewise here, the TAC alleges that Ecovacs enticed Crown cell "into purchasing a significant number of Ecovacs vacuum cleaners at a significant cost" through false and misleading representations, and that Ecovacs was unjustly enriched as a result. *See* TAC ¶¶ 69-76.

The Court will allow this alternative theory of recovery to proceed at this stage. Accordingly, the Court denies the motion to dismiss the unjust enrichment claim (Claim Three).

## CONCLUSION

The Court DISMISSES the claim for declaratory judgment of no trademark counterfeiting (Claim Four) without prejudice, pursuant to defendant's covenant not to sue for trademark infringement or counterfeiting. *See* Dkt. No. 62.

The Court DENIES the motion to dismiss the claims for breach of express warranty and unjust enrichment. *See* Dkt. No. 63.

**IT IS SO ORDERED**.

Dated: November 18, 2022

SUSAN ILLSTON
United States District Judge